**BARNHILL & VAYNEROV, LLP**
MAXIM VAYNEROV, SBN 177520
  vaynerov@bv-llp.com
11400 W. Olympic Blvd., Ste 200
Los Angeles, California 90064
Telephone:  (310) 943-8989
Facsimile:   (310) 943-8998

**WALTON & WALTON, LLP**
L. RICHARD WALTON, SBN 226703
  rwalton@taxtriallawyers.com
4640 Admiralty Way, 5th Floor
Marina del Rey, California 90292
Telephone:  (310) 496-5835
Facsimile:   (310) 464-3057

*Attorneys for All Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDELYNNE BERGADO, an individual, | Case No. 17-cv-9070 |
| Plaintiff, | *Assigned for All Purposes to the Hon. James v. Selna, United States District Judge* |
| v. | |
| MARLON VELONZA; NELLE-ANN VELONZA; ETTA'S INTERNATIONAL COSMETICS; JOSEPHINE CADAOAS; and NELSON DOMINGUIANO ORQUEZA, | **MOTION TO DISMISS COMPLAINT (FED. R. CIV. PROC. 12(B)(6)** |
| | Date:     Feb. 26, 2018
Time:    1:30 p.m.
Dept:    10C |
| Defendants. | Action Filed:  December 19, 2017 |

**TO THE HONORABLE JAMES V. SELNA, UNITED STATES DISTRICT JUDGE, TO PLAINTIFF, TO HER ATTORNEYS OF RECORD HEREIN, AND TO ALL OTHERS TAKING AN INTEREST IN THESE PROCEEDINGS**:

**PLEASE TAKE NOTICE THAT** on February 26, 2018, at 1:30 P.M., in Courtroom 10CD of this Court, located at 411 West Fourth Street, Santa Ana, California 92701, all of the Defendants named above, by and through their counsel of record, L. Richard Walton and Maxim Vaynerov, will and hereby do, move the Court, pursuant to Fed. R. Civ. Proc. 12(b)(6) to dismiss in the Complaint on file with this Court as ECF 1 ("Complaint"), and, in the alternative, for a more definite statement pursuant to Fed. R. Civ. Proc. 12(e).

These Motions are brought based upon the following:

1. The Second Claim (Forced Labor) fails against Defendants Orqueza and Cadaoas because there are no facts to support that either one of them forced Ms. Bergado to do anything. This Cause of Action therefore fails to state facts sufficient to constitute a cause of action in California (Fed. R. Civ. Proc. 12(b)(6)), and at the very least warrants a further and more definite statement of the facts upon which it is based, pursuant to subdivision (e) of Federal Rule of Civil Procedure 12.

2. The Fifth Claim (Peonage) fails against Defendants Orqueza and Cadaoas because there are no facts pled to support that either of them forced Ms. Bergado into peonage. This Cause of Action therefore fails to state facts sufficient to constitute a cause of action in California (Fed. R. Civ. Proc. 12(b)(6)), and at the very least warrants a further and more definite statement of the facts upon which it is based, pursuant to subdivision (e) of Federal Rule of Civil Procedure 12.

3. The Sixth Claim (Knowingly Benefitting) likewise fails against Defendants Orqueza and Cadaoas because there are no facts pled to support the

proposition that either of them benefitted from Ms. Bergado's alleged labor for the Velonzas and Dr. Cadaoas's adult son. The Claim fails as to all Defendants because it is not an independent claim and must therefore be dismissed with prejudice. Section 1595 of Title 18 creates a civil remedy—not an independent cause of action. This Cause of Action therefore fails to state facts sufficient to constitute a cause of action in California (Fed. R. Civ. Proc. 12(b)(6)).

4. The Tenth Claim (Breach of Contract) fails in that the Complaint alleges the existence of a written contract (Complaint ¶ 18(2)), and sues for its breach (Complaint ¶ 21(2)), but fails to attach the written contract to the Complaint, or to recite its terms verbatim. (Harris v. Rudin, Richman & Appel (1999) 74 Cal. App. 4th 299, 307 ("If the action is based on alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written agreement must be attached and incorporated by reference.")). This Cause of Action therefore fails to state facts sufficient to constitute a cause of action in California (Fed. R. Civ. Proc. 12(b)(6)), and at the very least warrants a further and more definite statement of the facts upon which it is based, pursuant to subdivision (e) of Federal Rule of Civil Procedure 12. To the extent the Cause is based upon an oral or implied contract, the Cause is time barred. (Cal. Code Civ. Proc. § 339(1)). The alleged date of breach is April 6, 2014 (Complaint ¶ 20(1)). Since the cause of action accrues when the breach occurs, this Cause must be dismissed with prejudice. (Spear v. California State Auto. Ass'n, 2 Cal. 4th 1035, 1040 (1992).

5. The Eleventh Claim (Fraud and Negligent Misrepresentation) must be dismissed for failure to plead fraud with the requisite particularity. It is utterly unclear from the pleading what misrepresentations form the basis of this Cause. If oral, the Cause fails. Having alleged the terms and

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

conditions of her employment were subsequently reduced to a written contract, Ms. Bergado could not have justifiably relied on prior oral statements. If the written contract is the basis, the Cause is not viable as a fraud claim. And, either way, the Cause is time barred as it accrued on April 6, 2014, the date Ms. Bergado was allegedly told that "the contract she signed was not what they would follow." (Cal. Code Civ. Proc. § 338(d)). This Cause of Action therefore fails to state facts sufficient to constitute a cause of action in California (Fed. R. Civ. Proc. 12(b)(6)), and at the very least warrants a further and more definite statement of the facts upon which it is based, pursuant to subdivision (e) of Federal Rule of Civil Procedure 12.

6. The Twentieth Claim (Negligent Infliction of Emotion Distress) is not well pled, in that it pleads that the acts complained of were intentional (Complaint ¶¶ 76(2) (incorporating all prior pleading) & 74(2) ("The Velonsa Defendants knowingly and *intentionally* acted with the goal of causing Edelynne extreme emotional distress."))[1]. Nor is Negligent Infliction of Emotional Distress a separate cause of action in California; it is, rather, a species of negligence. (Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984 (1993); Delfino v. Agilent Technologies, Inc., 145 Cal. App. 4th 790, 818 (2006)). This Cause of Action therefore fails to state facts sufficient to constitute a cause of action in California (Fed. R. Civ. Proc. 12(b)(6)).

---

[1] Defendants have difficulty bringing this Motion in that the paragraph numbering in the Complaint restarts at the Seventh Cause of Action, on page 18. This pleading defect was brought to Plaintiff's attention during the required Local Rule 7-3 Conference, but Plaintiffs declined to remedy the error by amendment. Defendants thus reference paragraphs in the Complaint by adding a (1) or (2) after the Paragraph cite, to indicate whether it is in the first or second half of the Complaint, *e.g.*, Paragraph 26(1) on page 8 of the Complaint, or Paragraph 26(2) on Page 22 of the Complaint.

7. The Twenty-First Claim (Negligence) is not well pled, in that it pleads that the acts complained of were intentional (Complaint ¶¶ 81(2) (incorporating all prior pleading), 26(2) ("…made the representations with the *intent* to induce Edelynne…", and 82(2) ("they procured Edelynne's presence in the United States on *fraudulent pretenses*."))). This Cause of Action therefore fails to state facts sufficient to constitute a cause of action in California (Fed. R. Civ. Proc. 12(b)(6)), and at the very least warrants a further and more definite statement of the facts upon which it is based, pursuant to subdivision (e) of Federal Rule of Civil Procedure 12.

8. The Twenty-Second Claim (Negligence *Per Se*) is likewise not well pled in that that it pleads that the acts complained of were intentional (Complaint ¶¶ 89(2) (incorporating all prior pleading), and 26(2) ("…made the representations with the *intent* to induce Edelynne…", and 82(2)). This Cause of Action therefore fails to state facts sufficient to constitute a cause of action in California (Fed. R. Civ. Proc. 12(b)(6)), and at the very least warrants a further and more definite statement of the facts upon which it is based, pursuant to subdivision (e) of Federal Rule of Civil Procedure 12.

9. The Twenty-Fifth Claim (Conversion) fails because the Velonzas no longer have possession of Ms. Bergado's passport (Complaint ¶ 108(2)), and because Ms. Bergado never demanded return of the other items. It is also barred by the applicable statute of limitations (Cal. Code Civ. Proc. § 338(c); Complaint ¶¶ 108-109(2)). This Cause of Action therefore fails to state facts sufficient to constitute a cause of action in California (Fed. R. Civ. Proc. 12(b)(6)), and at the very least warrants a further and more definite statement of the facts upon which it is based, pursuant to subdivision (e) of Federal Rule of Civil Procedure 12.

10. The Twenty-Sixth Claim (False Imprisonment) fails to state facts sufficient to state a cause of action as to Mr. Orqueza, in that it does not set forth any

**WALTON & WALTON LLP**
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

actual facts as to his alleged confinement of Ms. Bergado, other than that he was "standing by the gate" and told her that she was "lucky to be here." Plaintiff's later conclusory allegations to the contrary do not overcome the actual facts as pled. This Cause of Action therefore fails to state facts sufficient to constitute a cause of action in California (Fed. R. Civ. Proc. 12(b)(6)), and at the very least warrants a further and more definite statement of the facts upon which it is based, pursuant to subdivision (e) of Federal Rule of Civil Procedure 12.

11. The Twenty-Seventh Claim (Unjust Enrichment), and the Twenty-Eighth Claim (Quantum Meruit) are duplicative and one must be dismissed. Further, by whatever name pled, both of these equitable causes are preempted by FLSA and the California Labor Code. (<u>Helm v. Alderwoods Group, Inc.</u>, 696 F. Supp. 2d 1057, 1074-77 (N.D. Cal. 2009) (FLSA preempts duplicative state common law claims, and California Labor Code preempts common law claims under "new right-exclusive remedy" doctrine)). This Cause of Action therefore fails to state facts sufficient to constitute a cause of action in California (Fed. R. Civ. Proc. 12(b)(6)).

This Motion will be based upon this Notice, the attached Memorandum of Points and Authorities, the First Amended Complaint on file with this Court as ECF 8, all papers and pleadings in this lawsuit, and upon such other and further evidence as the Court may receive at the hearing of this Motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 16, 2018.

Respectfully submitted,

Dated: January 30, 2018

WALTON & WALTON, LLP
BARNHILL & VAYNEROV, LLP

By: /s/ L. Richard Walton
L. Richard Walton, Esq.
*Attorneys for All Defendants*

vi
DEFENDANTS' MOTION TO DISMISS

# Table of Contents

I.     INTRODUCTION ................................................................................................ 1

II.    DISCUSSION .................................................................................................... 2

     A.    Forced Labor (Second COA) Fails Against Cadaoas & Orqueza ........................ 2

     B.    Peonage (5th COA) Fails Against Cadaoas & Orqueza ..................................... 3

     C.    Knowing Benefit (6th COA) Is Not a Cause of Action ...................................... 3

     D.    Breach of Contract (10th COA) Fails to Attach the Contract ............................. 4

     E.    Fraud (11th COA) Fails for Lack of Spefificity ................................................. 5

     F.    Negligent Infliction of Emotional Distress (20th COA) is Not Cognizable ........... 6

     G.    Negligence (21st COA) Is Not Well Pled ......................................................... 7

     H.    Negligence *Per Se* (22nd COA) is Not Well Pled .......................................... 7

     I.    Conversion (25th COA) is Time Barred ........................................................... 7

     J.    False Imprisonment (26th COA) Fails Against Orqueza .................................. 8

     K.    Quantum Meruit & Unjust Enrichment (COA 27 & 28) Are Preempted ........... 9

III.   CLOSING THOUGHTS .................................................................................. 11

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

# Table of Authorities

**CASES**

Airs Aromatics, LLC v. Victoria's Secret, 744 F. 3d 595 (9th Cir. 2014) ........................................... 4

AmerUS Life Ins. Co. v. Bank of America, N.A., 143 Cal. App. 4th 631, 639 (2006) ...................... 7

Anderson v. Sara Lee Corp., 508 F.3d 181, 194-95 (4th Cir.2007) .................................................... 9

Ashcroft v. Iqbal ................................................................................................................................ 1, 2, 3

Bell Atlantic Corp. v. Twombley, 550 U.S. 544 (2007) ................................................................... 1, 2, 3

Bono v. Clark, 103 Cal. App. 4th 1409, 1433 (2002) ........................................................................ 7

Coy v. County of Los Angeles, 235 Cal. App. 3d 1077, 1087-88 (1991) ............................................ 8

DC Comics v. Pacific Pictures Corp., 938 F. Supp. 2d 941 (C.D. Cal. 2013) .................................... 5

Delfino v. Agilent Technologies, Inc. ............................................................................................... v, 7

Fermino v. Fedco, Inc., 7 Cal. 4th 701, 716 (1994) ............................................................................ 9

Gottreich v. San Francisco Investment Corp., 552 F.2d 866 (9th Cir. 1977) ..................................... 6

Harris v. Rudin, Richman & Appel, 74 Cal. App. 4th 299 (1999) ................................................ iii, 4

Helm v. Alderwoods Group, Inc., 696 F.Supp.2d 1057, 1075 (N.D. Cal. 2009) ................................ 9

Hunter v. Up-Right, Inc, 6 Cal. 4th 1174, 1184 (1993) ..................................................................... 6

In re Adoption of Sewall, 242 Cal.App.2d 208 (1966) ...................................................................... 5

Marlin v. Aimco Venezia, LLC, 154 Cal. App. 4th 154 (2007) ........................................................ 4

Marshall v. Packard-Bell Co., 106 Cal. App. 2d 770 (1951) ............................................................. 5

Molko v. Holy Spirit Assn., 46 Cal. 3d 1092, 1108 (1988) ................................................................ 6

Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984 (1993) ................................................. v, 6

Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir.1985) .................................................................... 6

Spear v. California State Auto. Ass'n, 2 Cal. 4th 1035 (1992) ..................................................... iii, 5

Walling v. Beverly Enterprises, 476 F.2d 393, 397 (9th Cir. 1973) .................................................... 6

Williamson v. Gen. Dynamics Corp., 208 F.3d 1144, 1159 (9th Cir. 2000) ....................................... 9

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

**STATUTES**

18 U.S.C. §§ 1581.................................................................................................................. 3

Cal Lab. Code § 226 ............................................................................................................ 11

Cal. Civ. Code § 1709 ........................................................................................................... 6

Cal. Code Civ. Proc. § 339(1)..........................................................................................iii, 5

Cal. Lab Code § 1198 ......................................................................................................... 11

Cal. Lab Code § 510 ........................................................................................................... 11

Cal. Lab. Code § 1197 ........................................................................................................ 10

Cal. Lab. Code § 203 .......................................................................................................... 11

Cal. Lab. Code § 226.7 ....................................................................................................... 11

**OTHER AUTHORITIES**

CACI 1400............................................................................................................................ 9

Wage Order No. 15 ............................................................................................................. 11

Wage Order No. 5 ............................................................................................................... 11

**RULES**

Fed. R. Civ. Proc. Rule 9(b) ................................................................................................. 5

**TREATISES**

5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 676, p. 778.................................... 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Leaving aside conclusory allegations that do not meet the Iqbal/Twombley pleading standard, the entire sum of the allegations against Defendant Orqueza are that he:

- Happened to be "standing at the gate" one day when Ms. Bergado decided to leave the Velonza's apartment (Complaint ¶ 37(1)), and
- Told her "You have to put up with it. You are fortunate that you are here." (Complaint ¶ 37(1)).

There is nothing legally wrong with standing by the entry gate to the apartment complex where one lives, or in telling someone "you are fortunate that you are here." Plaintiff's attempts to twist kindly advice into an actionable act of evil fail in the absence of any allegation that Mr. Orqueza was in any way aware of any of the other complained-of wrongs.

Likewise, if the Court applies Iqbal/Twombley to the allegations against Dr. Cadaoas, it will find the following:

- She is a dentist (Complaint ¶¶ 9(1), 34(1))
- Who provided a medically necessary "emergency root canal" to cure Plaintiff's "painful tooth ache" (Complaint ¶ 34(1))
- For which Dr. Cadaoas was paid nothing, because "Edelynne had no money" (Complaint ¶ 35(1))
- Bergado "clean[ed] up after Dr. Cadaoas's adult son" (Complaint ¶ 35(1)), and
- Dr. Cadaoas "was aware of" and "acknowledged the arrangement." (Complaint ¶ 35(1)).

The only possibly wrongful thing pled in any of that is that Dr. Cadaoas was aware Ms. Bergado was "cleaning up after" her *adult son.* Suffice it to say that Dr. Cadaoas ceased having any responsibility for her adult son once he turned 18, and

therefore derived no economic benefit whatsoever from whatever care Ms. Bergado provided him, in the absence of any allegation that Dr. Cadaoas had any legal duty to provide such care for her adult son, was in fact paying someone else to do so until Ms. Bergado took over, or the like.

Applying those same standards to the pleadings against the Velonza Defendants leaves the Court with several causes of action which are either non-existent under the law or are simply not well pled.

Under Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, this Complaint is deeply flawed and in need of review by the Court.[2]

## II. DISCUSSION

### A. Forced Labor (Second COA) Fails Against Cadaoas & Orqueza

Plaintiff is required to set forth "more than labels and conclusions…a formulaic recitation of the elements of the cause of action will not do." (Bell Atlantic Corp. v. Twombley, 550 U.S. 544 (2007); *see also* Ashcroft v. Iqbal, 556 U.S. 662 (2009)). Applying that standard to the actual facts pled in the Complaint leaves no possible cause of action against either Dr. Cadaoas or Mr. Orqueza for "knowingly and willfully holding to involuntary servitude…any other person for any term or bringing within the United States any person so held."

The operative allegations against the Velonza Defendants are what they are, and will be disproved in future proceedings.

But even in the most favorable factual universe the Plaintiff could construct for herself, there are no ultimate facts pled to support holding either Dr. Cadaoas or Mr.

---

[2] As Defendants noted in their Notice of this Motion, the paragraph numbering in the Complaint restarts at the Seventh Cause of Action, on page 18. Defendants thus reference paragraphs in the Complaint by adding a (1) or (2) after the Paragraph cite, to indicate whether it is in the first or second half of the Complaint, *e.g.,* Paragraph 26(1) on page 8 of the Complaint, or Paragraph 26(2) on Page 22 of the Complaint. Defendants hope this clears up any possible confusion in their citations to the Complaint herein.

Orqueza to answer to this Cause of Action.  Dr. Cadaoas provided a needed, and valuable, medical service—for which she was never paid.  Mr. Orqueza stood by an gate at his apartment building and offered fatherly advice.  Nowhere in the Complaint is there any actual fact stated to support the allegation that either defendant "forced" Ms. Bergado to do anything, or in any way benefitted economically from her labor.

This Cause should be dismissed.

### B. Peonage (5th COA) Fails Against Cadaoas & Orqueza

As with forced labor, Plaintiff is required to set forth "more than labels and conclusions…a formulaic recitation of the elements of the cause of action will not do."  (Bell Atlantic Corp. v. Twombley, 550 U.S. 544 (2007); *see also* Ashcroft v. Iqbal, 556 U.S. 662 (2009)).  Applying that standard to the actual facts pled in the Complaint leaves no possible cause of action against Dr. Cadaoas for "holding or returning any person to a condition of peonage."

Dr. Cadaoas provided a needed medical procedure to the Plaintiff, and (allegedly) "was aware of" the fact that Ms. Bergado was providing some cleaning services for her adult son.  To the extent one credits these allegations, and without any facts pled to the contrary, it is hard to fathom why Dr. Cadaoas would view such an act as anything more than either a favor for her adult son—or a way to say "thank you" for the medical service she had provided.

### C. Knowing Benefit (6th COA) Is Not a Cause of Action

Ms. Bergado's attempt to twist the remedy provided by the private attorney general provisions of section 1595 of Title 18 into a cognizable cause of action fail as a matter of law, and leave to amend cannot remedy the issue.   Section 1595 does not set forth any conduct that supports a separate cause of action under this section, other than violations of "this chapter."  If "this chapter," ergo the TVPA, is violated, then the victim is afforded the remedy of a private cause of action for any violation of 18 U.S.C. §§ 1581 *et seq.*

While this would appear to be a matter of first impression in the Courts, one of the bedrock principles of California and Federal jurisprudence is that a remedy is not a cause of action. (*See, e.g.*, Airs Aromatics, LLC v. Victoria's Secret, 744 F. 3d 595, 599 (9th Cir. 2014); Marlin v. Aimco Venezia, LLC, 154 Cal. App. 4th 154, 162 (2007)). As such this claim should be dismissed with prejudice.

### D. Breach of Contract (10th COA) Fails to Attach the Contract

"If the action is based on alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written agreement must be attached and incorporated by reference." (*See, e.g.,* Harris v. Rudin, Richman & Appel, 74 Cal. App. 4th 299, 307 (1999)).

Herein, the Second Cause is for breach of "a written contract." (Complaint ¶ 18(1)). As such, the Contract must either be attached to the Complaint (it is not), or "be set out verbatim in the body of the complaint." (Id.) The alleged written contract is nowhere close to set out verbatim in the body of the Complaint. For example, the Complaint only pleads, conclusorily, that "The agreement stated that Edelynne was to 'accompany and to be a caregiver to Felisa Velonza from March 29, 2014 to September 29, 2014.' This agreement stated that Edelynne would be paid $8.00 per hour for up to 8 hours per day, and $12 per hour for every hour of overtime." But where were these tasks to be completed—the United States or the Philippines? What days was she expected to work? Were there any limits on how many hours per week she would be asked to work? Were there any tasks other than caring for Mrs. Velonza? Suffice it to say, the Contract's beginning date of service, March 29, 2014, does not match up with Ms. Bergado's April 6, 2014 arrival in the United States. (Complaint ¶ 18(1)). Critically, where does it state that either Mr. or Mrs. Velonza was a party to this purported contract? If for no other reason, this is fatal.

This Cause does come anywhere close to meeting the applicable standard for pleading breach of contract, and Defendants' Motion should be granted, either for dismissal as drafted or for a more definite statement.

And to the extent the Cause is based upon an oral or implied contract, the Cause is time barred. (Cal. Code Civ. Proc. § 339(1)). The cause of action accrues when the breach occurs. (Spear v. California State Auto. Ass'n, 2 Cal. 4th 1035, 1040 (1992); DC Comics v. Pacific Pictures Corp., 938 F. Supp. 2d 941, 950 (C.D. Cal. 2013). "By expressly providing for the common-law discovery rule and no other common-law tolling principles, section 339 appears to reflect the legislature's clear and unequivocal intent to preclude application of common-law tolling mechanisms other than the discovery rule. [Citation]. The Court therefore has serious reservations about whether continuing-wrong principles could ever toll the statute of limitations on claims for tortious interference with contract." (D.C. Comics v. Pacific Pictures Corp., *supra*, 938 F.Supp.2d at 950).

Duress is not an exception to either the two year statute of limitations for breach of an oral contract or the four year statute of limitations for breach of a written contract, and thus cannot not toll either of those limitation periods.   (Marshall v. Packard-Bell Co., 106 Cal. App. 2d 770, 774 (1951)  (two-year statute of limitations governing Plaintiff's *quantum meruit* claims arising from illegal business compulsion was not tolled during period in which plaintiff was acting under alleged duress); In re Adoption of Sewall, 242 Cal.App.2d 208, 218, n.1 (1966)  ("Alleged continuing duress does not toll the statute of limitations")).

Here, the alleged date of breach is April 6, 2014, the date upon which "Mr. Velonza also informed Edelynne that the contract she signed was not what they would follow." (Complaint ¶ 20(1)). Plaintiff had to file her action within two years of that date, and failed to do so. As to oral contract, implied contract, and *quantum meruit*, the cause of action is fatally flawed and dismissal should be *with prejudice.*

### E. Fraud (11th COA) Fails for Lack of Spefificity

Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In this Circuit, a pleading satisfies the particularity requirement "if it identifies 'the

circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.' " (Gottreich v. San Francisco Investment Corp., 552 F.2d 866, 866 (9th Cir. 1977) *quoting* Walling v. Beverly Enterprises, 476 F.2d 393, 397 (9th Cir. 1973); *see also* Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir.1985) ("Rule 9(b) ensures that allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.")).

"The elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." (5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 676, p. 778; *see also* Cal. Civ. Code § 1709; Hunter v. Up-Right, Inc, 6 Cal. 4th 1174, 1184 (1993); Molko v. Holy Spirit Assn., 46 Cal. 3d 1092, 1108 (1988)).

Here it is utterly unclear what misrepresentations form the basis of the Cause for Fraud. If oral, the Cause fails. Having alleged the terms and conditions of her employment were subsequently reduced to a written contract, Ms. Bergado could not have justifiably relied upon prior oral statements. If the written contract is the basis, failure to perform is a breach of contract and not a cause for fraud. Since those allegations are all incorporated into the Fraud Cause (Par. 24(2)).

Either way, the Cause is time barred as it began to accrue on April 6, 2014, the date Ms. Bergado alleges she found out "the contract she signed was not what they would follow." (Cal. Code Civ. Proc. § 338(d)). (Complaint ¶ 20(1)). As such the Fraud Cause fails and must be dismissed.

**F. Negligent Infliction of Emotional Distress (20th COA) is Not Cognizable**

Negligent infliction of emotional distress is not a cause of action in California. (Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984 (1993); Delfino v. Agilent

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

1  Technologies, Inc., 145 Cal. App. 4th 790, 818 (2006)).  Undeterred by this legal
2  reality, Plaintiff pled it anyway.
3         There is no reason for this non-cause of action to survive the pleading stage,
4  and dismissal *with prejudice* is warranted.

### G. Negligence (21st COA) Is Not Well Pled

6         It is axiomatic that incorporation by reference pleads everything so
7  incorporated as if set forth in full wherever incorporated.  It is also a frequent mistake
8  of young or careless pleaders to incorporate every factual and legal allegation
9  preceding the next cause of action, without stopping to reflect on what effect such
10 incorporation has on the legal merits of the cause being presently pled.
11        This Complaint is a poster-child for that mistake.
12        By incorporating every prior allegation in the Complaint (Par. 81(2)), including
13 those alleging fraud and intentional misconduct, Plaintiff unwittingly pled herself out
14 of the ability to plead negligence.  It is, again, axiomatic that an intentional act is not
15 a careless or negligent one.
16        As such, this Cause fails and dismissal is proper.

### H. Negligence *Per Se* (22nd COA) is Not Well Pled

18        As set forth in Section II.G, above, incorporation by reference dooms this
19 cause of action, which incorporates all prior pleadings of intentional wrongdoing in
20 Paragraph 89.

### I. Conversion (25th COA) is Time Barred

22        Conversion fails on two grounds.
23        *First*, it is time barred.  Conversion is subject to the three-year statute of
24 limitations, which commences at the moment of conversion.  (Cal. Code Civ. Proc. §
25 338(c)(1)).  "[T]he statute of limitations for conversion is triggered by the act of
26 wrongfully taking property," even where the Plaintiff is unaware at the time of the
27 taking. (AmerUS Life Ins. Co. v. Bank of America, N.A., 143 Cal. App. 4th 631, 639
28 (2006); *accord* Bono v. Clark, 103 Cal. App. 4th 1409, 1433 (2002)).

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

Where the taking is wrongful, the three year statute of limitations commences to run at the time of the taking. (<u>Coy v. County of Los Angeles</u>, 235 Cal. App. 3d 1077, 1087-88 (1991)). On the other hand, when personal property is taken lawfully (*e.g.,* borrowing another's car with permission to do so), the statute of limitations is tolled until the owner demands and is refused possession of it. (<u>Id</u>.)

Here, conversion is based entirely on two alleged facts: the Velonzas allegedly "wrongfully" took and assumed ownership of Ms. Bergado's passport (Complaint ¶ 108(2)), and "wrongfully" assumed ownership over her clothes and other personal items (Complaint ¶ 109(2)). Since Ms. Bergado was allegedly paid starvation wages and rarely let out of the house, it is illogical to assume that she acquired any clothes after she came to the U.S. Since the date of her arrival is the date her passport was allegedly converted, it follows that her clothes were likewise converted on the same day, April 6, 2014. As such, and in the absence of—at the very least—a more definite statement to the contrary, the cause of action is time barred in this Complaint, which was not filed until December 19, 2017.

### J. <u>False Imprisonment (26th COA) Fails Against Orqueza</u>

To plead false imprisonment, Plaintiff needed to set forth actual facts—not conclusions and labels—to establish the following:

   1. That Mr. Orqueza intentionally deprived Ms. Bergado of her freedom of movement by use of physical barriers/force/threats of force/menace/fraud/deceit/unreasonable duress;
   and
   2. That the restraint/confinement/detention compelled Ms. Bergado to stay or go somewhere for some appreciable time, however short;
   3. That she did not knowingly or voluntarily consent;
   4. That she was actually harmed; and

        5. That Mr. Orqueza's conduct was a substantial factor in causing Ms. Bergado's harm. (CACI 1400, <u>Fermino v. Fedco, Inc.</u>, 7 Cal. 4th 701, 716 (1994)).

Here, the only actual facts alleged are that Mr. Orqueza happened to be standing by a gate in his apartment complex one day, and that when he spoke with Ms. Bergado he told her she was "lucky to be here." Everything else alleged in the actual cause of action is either a conclusory label or directly contradicts those earlier allegations: one cannot both "be standing by the gate" (Par. 37) and "physically plac[e] himself between Edelynne and the property gate [and] used intimidation and physiological manipulation to prevent Edelynne from leaving." (Par. 114).

While Plaintiff probably meant to say "psychological manipulation" rather than "physiological manipulation" (whatever that is), she used the term she used and her complaint must be judged by it. Telling someone she is "lucky to be here" does not support either psychological or physiological manipulation, and the conclusory labels must yield for purposes of testing the pleading to the actual facts alleged.

Plaintiff must pick which version of events she wants to rely upon. At a minimum, a more definite statement is warranted, but Mr. Orqueza submits that if the Plaintiff cannot identify any actual facts beyond those already pled in her Complaint, this cause should be dismissed *with prejudice.*

**K. <u>Quantum Meruit & Unjust Enrichment (COA 27 & 28) Are Preempted</u>**

State common law "[c]laims that are directly covered by the FLSA (such as overtime and retaliation disputes) must be brought under the FLSA." (<u>Williamson v. Gen. Dynamics Corp.</u>, 208 F.3d 1144, 1159 (9th Cir. 2000); <u>Helm v. Alderwoods Group, Inc.</u>, 696 F.Supp.2d 1057, 1075 (N.D. Cal. 2009) (same); *accord* <u>Anderson v. Sara Lee Corp.</u>, 508 F.3d 181, 194-95 (4th Cir.2007) (collecting district court cases "deeming state claims to be preempted by the FLSA where those claims have merely duplicated FLSA claims.")).

The California Labor Code regulating wage and hour violations also preempts common law claims under "new right-exclusive remedy" doctrine, providing:

> [W]here a statute creates new rights and obligations not previously existing in the common law, the express statutory remedy is deemed to be the exclusive remedy available for statutory violations, unless it is inadequate. However, when the statute merely recognizes a cause of action (because the claim had a preexisting common law analogue), then all forms of relief granted to civil litigants generally, including appropriate punitive damages, are available unless a contrary legislative intent appears.
>
> (Helm, *supra*, 696 F.Supp.2d at 1076, *citing* Brewer v. Premier Golf Props., 168 Cal. App. 4th 1243, 1252 (2008) (Regulations requiring employers to provide meal breaks and rest breaks and regulating pay stubs and minimum wages "create new rights and obligations not previously existing in the common law"; preempting common law claims for violations thereof.).

The Twenty-Seventh Claim for Unjust Enrichment and the Twenty-Eighth Claim for *Quantum Meruit* seek the same remedy by different names, are duplicative, and one should be dismissed on that basis alone. The more fundamental issue is the applicable statute of limitations: both are based entirely on the alleged failure to pay Bergado for her labor. But she is already seeking extensive redress on that front under both FLSA and California law (COAs 12-17).

Bergado's common law claims for Unjust Enrichment and Quantum Meriut are based on failure to pay minimum wages, and are thus preempted under both FLSA and Cal. Lab. Code § 1197. To the extent Bergado's common law claims for Unjust Enrichment and Quantum Meriut are based on her remaining Labor Code causes of action, they are preempted by "new right-exclusive remedy" doctrine as they did not, and do not, exist in common law. Namely, the following are all "new rights":

- Failure to pay minimum wages under Cal. Lab. Code § 1197,

- Failure to pay overtime in violation of Cal. Lab Code §§510, 1198, and Wage Order Nos. 5 and 15;
- Failure to provide meal and rest periods in violation of Cal. Lab. Code § 226.7;
- Failure to provide wage statement in violation of Cal Lab. Code § 226; and
- Waiting time penalties pursuant to Cal. Lab. Code § 203,

Accordingly, the Twenty-Seventh Claim for Unjust Enrichment and the Twenty-Eighth Claim for Quantum Meruit should be dismissed *with prejudice*.

### III. CLOSING THOUGHTS

After paddling through the swamp of distasteful allegations in Plaintiff's Complaint, one bumps against the legal reality that a cadre of zealous attorneys manufactured causes of action that do not exist under the law, or that do—but not on the facts as pled.

Defendants reserve for future proceedings what they expect to be a full and final vindication of their honest hospitality to a fellow Filipina. For now, it is enough for them to ask this Court to dismiss Cause of Action 2, 5, 6, 10, 11, 20, 21, 22, 25, 26, 27, and 28. Defendants submit that Causes 2, 20, 27, and 28 are non-existent under the law, that this flaw cannot be remedied by amendment, and that dismissal as to these Causes should thus be *with prejudice*.

Respectfully submitted,

Dated: January 30, 2018      WALTON & WALTON, LLP

By: /s/ L. Richard Walton
L. Richard Walton
*Attorneys for All Defendants*