1  **BARNHILL & VAYNEROV, LLP**
2  MAXIM VAYNEROV, SBN 177520
   vaynerov@bv-llp.com
3  11400 W. Olympic Blvd., Ste 200
4  Los Angeles, California 90064
   Telephone:  (310) 943-8989
5  Facsimile:   (310) 943-8998

6
7  **WALTON & WALTON, LLP**
   L. RICHARD WALTON, SBN 226703
8  rwalton@taxtriallawyers.com
9  4640 Admiralty Way, 5th Floor
   Marina del Rey, California 90292
10 Telephone:  (310) 496-5835
   Facsimile:   (310) 464-3057
11

12 *Attorneys for All Defendants*

13           **UNITED STATES DISTRICT COURT**

14           **CENTRAL DISTRICT OF CALIFORNIA**

15

16 EDELYNNE BERGADO, an individual,     Case No. 17-cv-9070

17         Plaintiff,                   *Assigned for All Purposes to the*
                                        *Hon. James V. Selna, United States*
18         v.                           *District Judge*

19
   MARLON VELONZA; NELLE-ANN            **DEFENDANTS' ANSWER TO**
20 VELONZA; ETTA'S                      **FIRST AMENDED COMPLAINT;**
   INTERNATIONAL COSMETICS;             **AFFIRMATIVE DEFENSES; AND**
21 JOSEPHINE CADAOAS; and               **DEMAND FOR JURY TRIAL**
   NELSON DOMINGUIANO
22 ORQUEZA,

23

24         Defendants.

25

26

27

28

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

1

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

COME NOW all of the Defendants in the above-captioned matter ("Defendants"), by and through their counsel, Walton & Walton, LLP and Barnhill & Vaynerov, LLP, and pursuant to Fed. R. Civ. Proc. ("FRCP") 14, respond to the "First Amended Complaint" filed against them as set forth below. Any allegation not specifically responded to below is DENIED. With respect to the numbered paragraphs of the Complaint, Defendants state:

1. Defendants ADMIT that they first met Ms. Bergado in this Country in 2014. To the extent the remainder of the argumentative conclusions in this Paragraph warrant a response under Rule 14, they are DENIED, singularly and collectively.

2. Defendants ADMIT that Ms. Bergado was taken into custody by the police in January of 2017. To the extent the remainder of the argumentative conclusions in this Paragraph warrant a response under Rule 14, they are DENIED, singularly and collectively.

3. Defendants ADMIT that the Court has jurisdiction over this matter as presently pled.

4. Defendants ADMIT that venue is proper in this Court, on the allegations of the First Amended Complaint.

5. Defendants lack information or belief regarding the factual allegations of this Paragraph and therefore cannot form a belief as to the truth of these allegations; on that basis, they are DENIED. To the extent the remainder of the argumentative conclusions in this Paragraph warrant a response under Rule 14, they are DENIED, singularly and collectively.

6. Defendant MARLON VELONZA ADMITS that he resides at the address stated. To the extent the remainder of the argumentative conclusions in this Paragraph warrant a response under Rule 14, they are DENIED, singularly and collectively.

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

1      7.    Defendant NELLE-ANNE VELONZA ADMITS that she resides at the

2  address stated.  To the extent the remainder of the argumentative conclusions in this

3  Paragraph warrant a response under Rule 14, they are DENIED, singularly and

4  collectively.

5      8.    Defendants ADMIT that Etta's International Cosmetics does some

6  business at the address stated.  To the extent the remainder of the argumentative

7  conclusions in this Paragraph warrant a response under Rule 14, they are DENIED,

8  singularly and collectively.

9      9.    Defendant JOSEPHINE CADAOAS ADMITS she is a Doctor of

10  Dentistry, duly licensed to practice in the state of California.  She ADMITS that she

11  resides at the address stated, and did business at the addresses stated at relevant times

12  herein.  To the extent the remainder of the argumentative conclusions in this

13  Paragraph warrant a response under Rule 14, they are DENIED, singularly and

14  collectively.

15      10.    Defendant ORQUEZA ADMITS that he resides at the address stated.

16  To the extent the remainder of the argumentative conclusions in this Paragraph

17  warrant a response under Rule 14, they are DENIED, singularly and collectively.

18      11.    Defendants lack information or belief regarding the factual allegations of

19  this Paragraph and therefore cannot form a belief as to the truth of these allegations;

20  on that basis, they are DENIED.

21      12.    Defendants lack information or belief regarding the factual allegations of

22  this Paragraph and therefore cannot form a belief as to the truth of these allegations;

23  on that basis, they are DENIED.

24      13.    Defendants lack information or belief regarding the factual allegations of

25  this Paragraph and therefore cannot form a belief as to the truth of these allegations;

26  on that basis, they are DENIED.

27      14.    Defendants ADMIT that Ms. Bergado provided caretaker services for

28  Defendant Marlon Venlonza's mother.  Defendants lack information or belief

**WALTON & WALTON LLP**
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

1  regarding the factual allegations of this Paragraph and therefore cannot form a belief
2  as to the truth of these allegations; on that basis, they are DENIED.

3  15.   The Velonza Defendants ADMIT they reside in the United States with
4  their children, and that they were aware Ms. Bergado intended to travel to the United
5  States with Marlon Velonza's mother for a planned vacation.  As to the remainder of
6  the allegations in this Paragraph, Defendants lack information or belief regarding the
7  factual allegations of this Paragraph and therefore cannot form a belief as to the truth
8  of these allegations; on that basis, they are DENIED.

9  16.   The allegations of this Paragraph are DENIED.

10  17.   As to Ms. Bergado's alleged "reservations," Defendants lack
11  information or belief regarding the factual allegations of this Paragraph and therefore
12  cannot form a belief as to the truth of these allegations; on that basis, they are
13  DENIED.  The remainder of the allegations are DENIED.

14  18.   The allegations of this Paragraph are DENIED.

15  19.   The allegations of this Paragraph are DENIED.

16  20.   The Velonza Defendants ADMIT that Marlon Velonza's mother and Ms.
17  Bergado arrived in Los Angeles on April 6, 2014, that Mr. Velonza picked them up at
18  the airport, and that he took his mother and Ms. Bergado to his home so they could
19  rest.  The remainder of the allegations in this Paragraph are DENIED.

20  21.   The allegations of this Paragraph are DENIED.

21  22.   Defendants admit that Marlon Velonza's mother unexpectedly returned
22  home early.  The remainder of the allegations in this Paragraph are DENIED.

23  23.   Defendants lack information or belief regarding Ms. Bergado's state of
24  mind and therefore cannot form a belief as to the truth of these allegations; on that
25  basis, they are DENIED.  The remainder of the allegations in this Paragraph are
26  DENIED.

27  24.   Defendants ADMIT that Ms. Bergado occasionally offered to help out
28  with tasks around the house.  Defendants ADMIT that Ms. Bergado occasionally took

4

1   food to Dr. Cadaoas's son, but cannot speculate as to her motivation in doing so.  The

2   remainder of the allegations in this Paragraph are DENIED.

3        25.    The Velonza Defendants ADMIT that Ms. Bergado occasionally

4   volunteered to assist Nellie-Ann Velonza and appeared to be interested in learning

5   about the business.  The remainder of the allegations in this Paragraph are DENIED.

6        26.    The Velonza Defendants ADMIT that Nellie-Ann Velonza occasionally

7   allowed Ms. Bergado to borrow some of her personal beauty care products, and was

8   glad to do so.  The remainder of the allegations in this Paragraph are DENIED.

9        27.    The Velonza Defendants ADMIT that they expressed concern to Ms.

10  Bergado about her continued stay in the United States, and advised her she may have

11  to return home.  The remainder of the allegations in this Paragraph are DENIED.

12       28.    The Velonza Defendants ADMIT that they allowed Ms. Bergado to use

13  their WiFi signal for her constant cell phone usage.  The remainder of the allegations

14  in this Paragraph are DENIED.

15       29.    The allegations of this Paragraph are DENIED.

16       30.    The allegations of this Paragraph are DENIED.

17       31.    The Velonza Defendants admit occasionally gifting Ms. Bergado money,

18  and to sending money to the Philippines to help her family. The remainder of the

19  allegations of this Paragraph are DENIED.

20       32.    Needless to say, the Velonza Defendants have no knowledge of things

21  that Ms. Bergado may or may not have hidden from them, lack information or belief

22  regarding those facts, and therefore cannot form a belief as to the truth of these

23  allegations; on that basis, they are DENIED.  The remainder of the allegations in this

24  Paragraph are DENIED.

25       33.    The allegations of this Paragraph are DENIED.

26       34.    Defendants admit that Dr. Cadaoas performed a valuable and needed

27  emergency dental procedure for Ms. Bergado, for which she was never paid, and that

28

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

5

1  Nellie-Ann Velonza drove Ms. Bergado to and from Dr. Cadaoas's office for the
2  procedure.  The remainder of the allegations in this Paragraph are DENIED.

3       35.    Defendants admit that Dr. Cadaoas's son lives with Defendant Orqueza.
4  The remainder of the allegations in this Paragraph are DENIED.

5       36.    The allegations of this Paragraph are DENIED.

6       37.    Defendant Orqueza ADMITS to having a pleasant conversation with Ms.
7  Bergado, during which he may have said something along the lines of "this is a great
8  country, you are lucky you are here."  Needless to say, the Velonza Defendants have
9  no knowledge of things that Ms. Bergado did without their knowledge, lack
10  information or belief regarding those facts, and therefore cannot form a belief as to
11  the truth of these allegations; on that basis, they are DENIED.  The remainder of the
12  allegations in this Paragraph are DENIED.

13       38.    The Velonza Defendants have no knowledge of things that Ms. Bergado
14  did without their knowledge, lack information or belief regarding those facts, and
15  therefore cannot form a belief as to the truth of these allegations; on that basis, they
16  are DENIED.  The remainder of the allegations in this Paragraph are DENIED.

17       39.    Defendants lack information or belief regarding the factual allegations of
18  this Paragraph and therefore cannot form a belief as to the truth of these allegations;
19  on that basis, they are DENIED.

20       40.    Defendants lack information or belief regarding the factual allegations of
21  this Paragraph and therefore cannot form a belief as to the truth of these allegations;
22  on that basis, they are DENIED.

23       41.    Defendants lack information or belief regarding the factual allegations of
24  this Paragraph and therefore cannot form a belief as to the truth of these allegations;
25  on that basis, they are DENIED.

26  ///
27  ///
28  ///

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

# FIRST CAUSE OF ACTION

## Violation of the TVPRA; Involuntary Servitude

### (Against the Velonza Defendants)

42.    The allegations of this Paragraph, which incorporates prior pleadings by reference, are addressed by the prior responses herein.

43.    The allegations of this Paragraph are DENIED.

44.    The allegations of this Paragraph are DENIED.

45.    This is a legal conclusion; the law states what it states.

46.    The allegations of this Paragraph are DENIED.

# SECOND CAUSE OF ACTION

## TVPRA; Forced Labor

### (Against All Defendants)

47.    The allegations of this Paragraph, which incorporates prior pleadings by reference, are addressed by the prior responses herein.

48.    The allegations of this Paragraph are DENIED.

49.    The allegations of this Paragraph are DENIED.

50.    This is a legal conclusion; the law states what it states.

51.    The allegations of this Paragraph are DENIED.

52.    The allegations of this Paragraph are DENIED.

53.    The allegations of this Paragraph are DENIED.

# THIRD CAUSE OF ACTION

## TVPRA; Trafficking into Servitude

### (Against the Velonza Defendants)

54.    The allegations of this Paragraph, which incorporates prior pleadings by reference, are addressed by the prior responses herein.

55.    The allegations of this Paragraph are DENIED.

56.    The allegations of this Paragraph are DENIED.

57.    This is a legal conclusion; the law states what it states.

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

1    58.    The allegations of this Paragraph are DENIED.

2    59.    The allegations of this Paragraph are DENIED.

3                    **FOURTH CAUSE OF ACTION**

4         TVPRA; Unlawful Conduct with Respect to Documents

5                    (Against the Velonza Defendants)

6    60.    The allegations of this Paragraph, which incorporates prior pleadings by

7    reference, are addressed by the prior responses herein.

8    61.    The allegations of this Paragraph are DENIED.

9    62.    The allegations of this Paragraph are DENIED.

10   63.    This is a legal conclusion; the law states what it states.

11   64.    The allegations of this Paragraph are DENIED.

12   65.    The allegations of this Paragraph are DENIED.

13                    **FIFTH CAUSE OF ACTION**

14                         TVPRA; Peonage

15        (Against the Velonza Defendants and Dr. Cadaoas)

16   66.    The allegations of this Paragraph, which incorporates prior pleadings by

17   reference, are addressed by the prior responses herein.

18   67.    The allegations of this Paragraph are DENIED.

19   68.    The allegations of this Paragraph are DENIED.

20   69.    This is a legal conclusion; the law states what it states.

21   70.    The allegations of this Paragraph are DENIED.

22   71.    The allegations of this Paragraph are DENIED.

23                    **SIXTH CAUSE OF ACTION**

24    Violation of the TVPRA; Knowingly Benefiting from a TVPRA Violation

25                      (Against All Defendants)

26   72.    The allegations of this Paragraph, which incorporates prior pleadings by

27   reference, are addressed by the prior responses herein.

28

8

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

73.     The first allegation of this Paragraph is DENIED.  The remainder is a legal conclusion; the law states what it states.

74.     The allegations of this Paragraph are DENIED.

75.     The allegations of this Paragraph are DENIED.

76.     The allegations of this Paragraph are DENIED.

### SEVENTH CAUSE OF ACTION

Violation of RICO

(Against the Velonza Defendants)

77.     The allegations of this Paragraph, which incorporates prior pleadings by reference, are addressed by the prior responses herein.

78.     This is a legal conclusion; the law states what it states.

79.     The allegations of this Paragraph are DENIED.

80.     The allegations of this Paragraph are DENIED.

81.     The allegations of this Paragraph are DENIED.

82.     The allegations of this Paragraph are DENIED.

83.     The allegations of this Paragraph are DENIED.

84.     The allegations of this Paragraph are DENIED.

85.     The allegations of this Paragraph are DENIED.

### EIGHTH CAUSE OF ACTION

California Trafficking Victims Protection Act

(Against the Velonza Defendants)

86.     The allegations of this Paragraph, which incorporates prior pleadings by reference, are addressed by the prior responses herein.

87.     This is a legal conclusion; the law states what it states.

88.     The allegations of this Paragraph are DENIED.

89.     The allegations of this Paragraph are DENIED.

90.     The allegations of this Paragraph are DENIED.

///

9

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

**NINTH CAUSE OF ACTION**

Unfair Immigration-Related Practices

(Against the Velonza Defendants)

91.    The allegations of this Paragraph, which incorporates prior pleadings by reference, are addressed by the prior responses herein.

92.    This is a legal conclusion; the law states what it states.

93.    The allegations of this Paragraph are DENIED.

94.    The allegations of this Paragraph are DENIED.

**TENTH CAUSE OF ACTION**

Breach of Contract

(Against the Velonza Defendants)

95.    The allegations of this Paragraph, which incorporates prior pleadings by reference, are addressed by the prior responses herein.

96.    The allegations of this Paragraph are DENIED.

97.    The allegations of this Paragraph are DENIED.

98.    The allegations of this Paragraph are DENIED.

99.    The allegations of this Paragraph are DENIED—with the specific notation that punitive damages are never available for the breach of a contract.  "An award of punitive damages is not supported by a verdict based on breach of contract, even where the defendant's conduct in breaching the contract was willful, fraudulent, or malicious.  Even in those cases in which a separate tort action is alleged, if there is 'but one verdict based upon contract' a punitive damage award is improper.  (Myers Building Industries, Ltd. v. Interface Tech., Inc., 13 Cal. App. 4th 949, 960 (1993)).

**ELEVETH CAUSE OF ACTION**

Fraud and Negligent Misrepresentation

(Against the Velonza Defendants)

100.    The allegations of this Paragraph, which incorporates prior pleadings by reference, are addressed by the prior responses herein.

10

ANSWER TO FIRST AMENDED COMPLAINT

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

1   101.   The allegations of this Paragraph are DENIED.

2   102.   The allegations of this Paragraph are DENIED.

3   103.   The allegations of this Paragraph are DENIED.

4   104.   The allegations of this Paragraph are DENIED.

5   105.   The allegations of this Paragraph are DENIED.

6   106.   The allegations of this Paragraph are DENIED.

7   **TWELFTH CAUSE OF ACTION**

8   FLSA; Minimum Wage

9   (Against the Velonza Defendants)

10  107.   The allegations of this Paragraph, which incorporates prior pleadings by

11  reference, are addressed by the prior responses herein.

12  108.   This is a legal conclusion; the law states what it states.

13  109.   This is a legal conclusion; the law states what it states.

14  110.   The allegations of this Paragraph are DENIED.

15  111.   The allegations of this Paragraph are DENIED.

16  112.   The allegations of this Paragraph are DENIED.

17  **THIRTEENTH CAUSE OF ACTION**

18  California Labor Code; Minimum Wage

19  (Against the Velonza Defendants)

20  113.   The allegations of this Paragraph, which incorporates prior pleadings by

21  reference, are addressed by the prior responses herein.

22  114.   This is a legal conclusion; the law states what it states.

23  115.   The allegations of this Paragraph are DENIED.

24  116.   This is a legal conclusion; the law states what it states.

25  117.   The allegations of this Paragraph are DENIED.

26  118.   The allegations of this Paragraph are DENIED.

27  119.   The allegations of this Paragraph are DENIED.

28  120.   The allegations of this Paragraph are DENIED.

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

**FOURTEENTH CAUSE OF ACTION**

California Labor Code; Overtime

(Against the Velonza Defendants)

121.   The allegations of this Paragraph, which incorporates prior pleadings by reference, are addressed by the prior responses herein.

122.   This is a legal conclusion; the law states what it states.

123.   This is a legal conclusion; the law states what it states.  The argumentative conclusions in this Paragraph are DENIED.

124.   This is a legal conclusion; the law states what it states.

125.   The allegations of this Paragraph are DENIED.

126.   The allegations of this Paragraph are DENIED.

127.   The allegations of this Paragraph are DENIED.

128.   The allegations of this Paragraph are DENIED.

**FIFTEENTH CAUSE OF ACTION**

California Labor Code; Meal and Rest Periods

(Against the Velonza Defendants)

129.   The allegations of this Paragraph, which incorporates prior pleadings by reference, are addressed by the prior responses herein.

130.   This is a legal conclusion; the law states what it states.

131.   The allegations of this Paragraph are DENIED.

132.   The allegations of this Paragraph are DENIED.

**SIXTEENTH CAUSE OF ACTION**

California Labor Code; Wage Statements

(Against the Velonza Defendants)

133.   The allegations of this Paragraph, which incorporates prior pleadings by reference, are addressed by the prior responses herein.

134.   This is a legal conclusion; the law states what it states.

135.   The allegations of this Paragraph are DENIED.

**WALTON & WALTON LLP**
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

1    136.   The allegations of this Paragraph are DENIED.

2                **SEVENTEENTH CAUSE OF ACTION**

3            California Labor Code; Waiting Time Penalties

4                (Against the Velonza Defendants)

5    137.   The allegations of this Paragraph, which incorporates prior pleadings by

6    reference, are addressed by the prior responses herein.

7    138.   This is a legal conclusion; the law states what it states.

8    139.   The allegations of this Paragraph are DENIED.

9    140.   The allegations of this Paragraph are DENIED.

10    141.   The allegations of this Paragraph are DENIED.

11                **EIGHTEENTH CAUSE OF ACTION**

12    California Labor Code; Solicitation of Employee Through Misrepresentation

13                (Against the Velonza Defendants)

14    142.   The allegations of this Paragraph, which incorporates prior pleadings by

15    reference, are addressed by the prior responses herein.

16    143.   This is a legal conclusion; the law states what it states.

17    144.   This is a legal conclusion; the law states what it states.

18    145.   The allegations of this Paragraph are DENIED.

19    146.   The allegations of this Paragraph are DENIED.

20                **NINETEENTH CAUSE OF ACTION**

21            Intentional Infliction of Emotional Distress

22                (Against the Velonza Defendants)

23    147.   The allegations of this Paragraph, which incorporates prior pleadings by

24    reference, are addressed by the prior responses herein.

25    148.   The allegations of this Paragraph are DENIED.

26    149.   The allegations of this Paragraph are DENIED.

27    150.   The allegations of this Paragraph are DENIED.

28    151.   The allegations of this Paragraph are DENIED.

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWENTIETH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

### (Against the Velonza Defendants)

152.   The allegations of this Paragraph, which incorporates prior pleadings by reference, are addressed by the prior responses herein.

153.   The allegations of this Paragraph are DENIED.

154.   The allegations of this Paragraph are DENIED.

155.   The allegations of this Paragraph are DENIED.

156.   The allegations of this Paragraph are DENIED.

## TWENTY FIRST CAUSE OF ACTION

### Negligence

### (Against the Velonza Defendants)

157.   The allegations of this Paragraph, which incorporates prior pleadings by reference, are addressed by the prior responses herein.

158.   The allegations of this Paragraph are DENIED.

159.   This is a legal conclusion; the law states what it states.

160.   The allegations of this Paragraph are DENIED.

161.   The allegations of this Paragraph are DENIED.

162.   The allegations of this Paragraph are DENIED.

163.   The allegations of this Paragraph are DENIED.

164.   The allegations of this Paragraph are DENIED.

## TWENTY SECOND CAUSE OF ACTION

### Negligence Per Se

### (Against the Velonza Defendants)

165.   The allegations of this Paragraph, which incorporates prior pleadings by reference, are addressed by the prior responses herein.

166.   The allegations of this Paragraph are DENIED.

167.   The allegations of this Paragraph are DENIED.

14

1   168.   The allegations of this Paragraph are DENIED.

2   169.   The allegations of this Paragraph are DENIED.

3   **TWENTY THIRD CAUSE OF ACTION**

4   Personal Injury

5   (Against the Velonza Defendants)

6   170.   The allegations of this Paragraph, which incorporates prior pleadings by

7   reference, are addressed by the prior responses herein.

8   171.   This is a legal conclusion; the law states what it states.

9   172.   The allegations of this Paragraph are DENIED.

10   173.   The allegations of this Paragraph are DENIED.

11   174.   The allegations of this Paragraph are DENIED.

12   **TWENTY FOURTH CAUSE OF ACTION**

13   Unfair Competition

14   (Against the Velonza Defendants)

15   175.   The allegations of this Paragraph, which incorporates prior pleadings by

16   reference, are addressed by the prior responses herein.

17   176.   This is a legal conclusion; the law states what it states.

18   177.   The allegations of this Paragraph are DENIED.

19   178.   The allegations of this Paragraph are DENIED.

20   179.   The allegations of this Paragraph are DENIED.

21   180.   The allegations of this Paragraph are DENIED.

22   181.   The allegations of this Paragraph are DENIED.

23   182.   The allegations of this Paragraph are DENIED.

24   **TWENTY FIFTH CAUSE OF ACTION**

25   Conversion

26   (Against the Velonza Defendants)

27   183.   The allegations of this Paragraph, which incorporates prior pleadings by

28   reference, are addressed by the prior responses herein.

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

ANSWER TO FIRST AMENDED COMPLAINT

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

1    184.    The allegations of this Paragraph are DENIED.

2    185.    The allegations of this Paragraph are DENIED.

3    186.    The allegations of this Paragraph are DENIED.

4                **TWENTY SIXTH CAUSE OF ACTION**

5                        False Imprisonment

6        (Against the Velonza Defendants and Mr. Orqueza)

7    187.    The allegations of this Paragraph, which incorporates prior pleadings by

8    reference, are addressed by the prior responses herein.

9    188.    The allegations of this Paragraph are DENIED.

10   189.    The Velonza Defendants ADMIT to having a CCTV system in their

11   home, but not for the reasons stated.  The remainder of the allegations in this

12   Paragraph are DENIED.

13   190.    The allegations of this Paragraph are DENIED.

14   191.    The Velonza Defendants have no knowledge of Ms. Bergado's state of

15   mind, lack information or belief regarding those facts, and therefore cannot form a

16   belief as to the truth of these allegations; on that basis, they are DENIED.

17   192.    The allegations in this Paragraph are DENIED.

18   193.    The allegations in this Paragraph are DENIED.

19   194.    The allegations in this Paragraph are DENIED.

20               **TWENTY SEVENTH CAUSE OF ACTION**

21                        Quantum Meruit

22              (Against the Velonza Defendants)

23   195.    The allegations of this Paragraph, which incorporates prior pleadings by

24   reference, are addressed by the prior responses herein.

25   196.    The allegations of this Paragraph are DENIED.

26   197.    The Velonza Defendants have no knowledge of Ms. Bergado's state of

27   mind, lack information or belief regarding those facts, and therefore cannot form a

28

ANSWER TO FIRST AMENDED COMPLAINT

1  belief as to the truth of these allegations; on that basis, they are DENIED.  The

2  remainder of the allegations in this Paragraph are DENIED.

3       198.   The allegations of this Paragraph are DENIED.

4       199.   The allegations of this Paragraph are DENIED.

5       200.   The allegations of this Paragraph are DENIED.

6  **PRAYER FOR RELIEF**

7       Defendants deny any and all allegations in the Prayer, and specifically deny

8  that Plaintiff is entitled to the relief sought in the various Paragraphs of her Prayer,

9  since, as to each paragraph:

10       1.   The causes of action pled do not warrant the relief sought, or any relief,

11  against these answering Defendants;

12       2.   No damages are due or warranted to Plaintiff in this matter;

13       3.   The range of penalties and damages sought is vague and unconstitutional

14  as duplicative and excessive under the U.S. Constitution and the California

15  Constitution.

16       4.   Restitution is not warranted.

17       5.   No cause of action herein supports an award of attorneys fees or costs.

18       6.   Pre-and post-judgment interest is not warranted.

19       7.   Injunctive relief is not supported by any of the stated causes of action.

20       8.   Fraudulent transfer is not alleged, nor is any cause of action alleged

21  which would support the requested order.

22       9.   No other or further relief is warranted or just.

23       Defendants therefore deny they are liable to Plaintiff in any amount, and that

24  any injunction or other order should issue.  Defendants request that this Court dismiss

25  the First Amended Complaint, determine they are the prevailing party entitled to their

26  fees and costs herein, and provide them whatever other relief the Court may

27  determine to be proper and just.

28  ///

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

## NOTICE OF AFFIRMATIVE AND ADDITIONAL DEFENSES

In further response to the First Amended Complaint, Defendants state that they have not yet had an opportunity to complete their investigation and discovery in this matter, and therefore rely upon such of the following separate defenses as may prove applicable and be supported by appropriate facts after discovery and at trial, while reserving the right to amend, correct and/or withdraw any of their affirmative defenses in the event discovery indicates such action would be appropriate:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      Plaintiff failed to state a claim upon which relief can be granted.

2.      Plaintiff was required to set forth "more than labels and conclusions…a formulaic recitation of the elements of the cause of action will not do." (Bell Atlantic Corp. v. Twombley, 550 U.S. 544 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009). Here, that is exactly what the Court is presented with. Especially as to Defendants Cadaoas and Orqueza, the Complaint fails to set forth sufficient facts to allege causes of action.

3.      Even under the pre-Twombley/Iqbal notice pleading standard, such conclusory allegations cannot pass the minimal standard of putting these Defendants on notice of the charges to which they must respond. All factual allegations in the FAC, both those (five) directly mentioning these Defendants, and the catch-all "Counter-Defendants" allegations, utterly fail the Twombley/Iqbal test and are nothing more than "labels and conclusions…a formulaic recitation of the elements of the cause of action." As such, the allegations of the FAC fail to state any cause of action or civil conspiracy theory of recovery against these Defendants.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to Join All Claims)

4.      Defendants object to Plaintiffs' failure to join all claims against Defendants.

18

1

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

5.      Plaintiffs' claims are barred by the applicable statutes of limitation for each of the causes of action herein set forth against Defendants, including but not limited to California Code of Civil Procedure §§ 338(a), 338(c)(1), 338(d), 339, and 340, California Business & Professions Code § 17208, and/or 29 U.S.C. § 255(a), as well as the limitations set forth in California Labor Code § 203.

## FOURTH AFFIRMATIVE DEFENSE

### (Misjoinder)

6.      Plaintiff failed to join all necessary and indispensable defendants herein, and this defect deprives the Court of jurisdiction herein.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Willfulness)

7.      Defendants were not willful in any of the acts herein complained of, and did not intentionally or otherwise deprive or cause Plaintiff to be deprived of any of her rights.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

8.      As set forth in the First Affirmative Defense, Plaintiff has failed to plead causes of action against these answering defendants.  As such, this Court lacks original or supplemental jurisdiction over any claims against these Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

9.      Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Relief Under Bus. & Prof. Code § 17200)

10.      Plaintiff is not entitled to equitable relief as Plaintiff has adequate remedies at law and is not entitled to any relief with respect to any and all alleged

1  violations of California Business and Professions Code § 17200 et seq. that have

2  discontinued, ceased and are not likely to recur.

3  **NINTH AFFIRMATIVE DEFENSE**

4  **(Offset)**

5      11.     Defendants plead affirmatively that they are entitled to offset any and all

6  damages Plaintiff may recover in this matter by sums due and owing to them by the

7  Plaintiff, including without limitation the reasonable value of goods and services

8  provided to the Plaintiff and/or damages caused by Plaintiff to Defendants.

9  **TENTH AFFIRMATIVE DEFENSE**

10  **(Estoppel)**

11      12.     Plaintiff's claims against Defendants are barred by estoppel.

12  **ELEVENTH AFFIRMATIVE DEFENSE**

13  **(Unjust Enrichment)**

14      13.     Plaintiff's claims against Defendants are barred, in whole or in part, by

15  the fact that Plaintiff would be unjustly enriched if allowed to recover on the FAC.

16  **TWELFTH AFFIRMATIVE DEFENSE**

17  **(Waiver)**

18      14.     Plaintiff's claims are barred, in whole or in part, by the doctrine of

19  waiver.  At all relevant times herein, Plaintiff's conduct and that of persons and

20  entities for whose conduct Plaintiff is vicariously and legally responsible was such as

21  to constitute a waiver on Plaintiff's part of the claim and the relief prayed for in the

22  First Amended Complaint against these answering Defendants.

23  **THIRTEENTH AFFIRMATIVE DEFENSE**

24  **(Failure to Mitigate)**

25      15.     Plaintiff failed to mitigate her damages, if any.

26  **FOURTEENTH AFFIRMATIVE DEFENSE**

27  **(Comparative Negligence)**

28      16.     Plaintiff did not conduct herself, and did not manage and conduct her

**WALTON & WALTON LLP**
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

affairs in a reasonable manner, or a reasonable commercial manner, or as a reasonable person would have done in similar circumstances, and by reason of such conduct, Plaintiff legally caused and contributed, in whole or in part, to her own damages, if any.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing to Assert Claim Under Cal. Lab Code § 226)

17.   Plaintiff was not Defendants' employee and, even assuming arguendo she was, Defendants allege that even if Defendants failed to provide Plaintiff with accurate itemized wage statements, which Defendants deny, Plaintiff did not suffer injury as a result of such failure and so lack standing to assert a claim under California Labor Code § 226.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Comparative Negligence of Third Parties)

18.   Should Defendants be liable in any manner for any damages claimed by Plaintiff that were caused or contributed to by parties other than these answering Defendants, whether served or not served in this case, or other persons or entities not presently parties to this action, the proportionate degree of negligence, fault, or legal responsibility of each and every person or entity must be determined and prorated and any judgment which may be rendered against answering Defendants must be reduced by the total degree of negligence, fault and other legal responsibility found to exist as to the other parties, persons, or entities.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Plaintiff Was Legal Cause of Own Damage)

19.   Plaintiff did not conduct herself in a reasonable manner, or a reasonable commercial manner, or as a reasonable person would have in similar circumstances, and, by reason of such conduct, Plaintiff's conduct constituted the sole legal cause of her damages and losses, if any.

///

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WALTON & WALTON LLP**
**4640 ADMIRALTY WAY**
**FIFTH FLOOR**
**MARINA DEL REY, CALIFORNIA 90292**

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

20.    Plaintiff's action against Defendants is barred in whole or in part by the doctrine of unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Plaintiff Failed to Discharge Her Duties)

21.    Plaintiff was not Defendants' employee and, even assuming arguendo she was, Defendants believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that any failure, by Plaintiff to meet the criteria of overtime exempt status was the result of failure by her to meet reasonable expectations concerning the discharge of her duties and/or to follow reasonable instructions and therefore does not render her non-exempt.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Avoidable Consequences)

22.    Plaintiff failed to take prudent steps to avoid and diminish her injuries and damages, if any.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Intervening and Superseding Cause)

23.    Plaintiff's damages, if any, were legally caused and contributed to by the negligence and intentional acts of other persons or entities, and such negligence and intentional conduct was an intervening and superseding cause of Plaintiffs' damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Due Diligence)

24.    Defendants exercised due diligence and relied in good faith on the representations of others, and were not aware, nor had any way of becoming aware, of any alleged wrongdoing or omissions allegedly made.

///

///

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

### TWENTY-THIRD AFFIRMATIVE DEFENSE
#### (Apportionment)

25.     These answering Defendants allege that any injury, damage or loss sustained by Plaintiff was proximately caused by the negligence of Plaintiff and persons or entities other than Defendants.  By reason thereof, Plaintiff's recovery, if any, should be reduced by the proportionate amount that the acts or omissions of the Plaintiff and persons or entities other than Defendants contributing to the happening of the alleged events.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
#### (Contribution)

26.     These answering Defendants are not legally liable for the loss and damage, if any, alleged by Plaintiff, but if the court or jury finds that Defendants contributed in some fashion to the loss and damages alleged by Plaintiff, Defendants are informed and believe, and thereupon allege that any such contribution is secondary and of a lesser kind, whereas the fault and liability of others is primary, active and gross, thereby barring or reducing proportionately Plaintiff's recovery herein.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
#### (Failure to Take Adequate Precautions)

27.     Plaintiff failed to take adequate precautions, which would have avoided and/or diminished her damages, if any.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
#### (Lack of Damages)

28.     Plaintiff was not damaged by any alleged conduct of these answering Defendants.

///

///

///

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Not Permissible)

29.     Plaintiff is not entitled to recover punitive damages because she has not set forth sufficient factual or legal basis for the recovery of punitive damages.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Willful Misconduct)

30.     Defendants are informed and believe and thereon alleges that Plaintiff was guilty of willful misconduct and proximately contributed to the occurrence of the events complained of in Plaintiff's First Amended Complaint and the damage alleged to have been suffered therein, and Plaintiff is therefore precluded from comparing such conduct with the alleged fault on the part of these answering Defendants, if any.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Intentional Acts of Others)

31.     Defendants contend the sole and/or proximate cause of the damages claimed by Plaintiff was and is due to the willful and intentional acts of persons and/or entities other than these answering Defendants.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Consent)

32.     Plaintiff consented to the acts complained of and cannot maintain a cause of action for acts to which consent was given.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Settlement and Release)

33.     Plaintiff's claims against Defendants are barred, in whole or in part, by the doctrines of settlement, discharge, payment, release, and/or accord and satisfaction.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Performance was Excused)

34.     The FAC, and each cause of action set forth therein, or some of them, is

24

barred because Defendants' performance of their obligations alleged in the FAC was excused.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Lack of Entitlement to Overtime)

35.    Plaintiff was not Defendants' employee and, even assuming *arguendo* she was, California's overtime requirements do not apply to Plaintiff, to the extent she falls within the exemptions and exclusions under California wage and hour law, federal statutes, and regulations including, but not limited to, applicable Wage Order(s) of the California Industrial Welfare Commission.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (Meal and Rest Periods Do Not Apply)

36.    Plaintiff was not Defendants' employee and, even assuming *arguendo* she was, California's meal and rest period requirements do not apply to Plaintiff to the extent she falls within the exemptions and exclusions California wage and hour law, federal statutes, and regulations including, but not limited to, applicable Wage Order(s) of the California Industrial Welfare Commission.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Lack of Willfulness—Labor Code § 203)

37.    Plaintiff was not Defendants' employee and, even assuming *arguendo* she was and is entitled to any additional compensation (which Defendants deny), they have not willfully or intentionally failed to pay any such additional compensation to Plaintiff to justify an award of penalties or fees, whether under California Labor Code § 203 or otherwise.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Lack of Entitlement to Premium Payment—Labor Code § 226.7)

38.    Plaintiff was not Defendants' employee and, even assuming *arguendo* she was, Plaintiff has no right to a premium payment under California Labor Code § 226.7 and/or the applicable Wage Order(s) issued by the California Industrial Welfare

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

Commission because, to the extent, if any, she did not take breaks, it was because he/she: (1) failed to take breaks that were provided to her in compliance with California law; (2) chose not to take rest breaks that were authorized and permitted; or (3) waived her right to meal breaks under California Labor Code § 512(a).

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (Bona Fide Good Faith Dispute)

39.    Plaintiff was not Defendants' employee and, even assuming *arguendo* she was, the FAC fails to state a claim for penalties under the FLSA or the California Labor Code in that: (1) there was a *bona fide*, good faith dispute as to Defendants' obligations under any applicable FLSA or Labor Code provision; and (2) Defendants did not willfully violate any FLSA or Labor Code section.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (Substantial Compliance & Good Faith as to Wage & Hour Issues)

40.    Plaintiff was not Defendants' employee and, even assuming *arguendo* she was, the FAC and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, Defendants allege that any violation of the FLSA or the California Labor Code or Wage Order(s) of the California Industrial Welfare Commission was an act or omission made in good faith, and that in any participation in such acts, Defendants had reasonable grounds for believing that the act or omission was not a violation of the FLSA or the California Labor Code or any Wage Order(s) of the California Industrial Welfare Commission.

41.    Further, assuming *arguendo* that Defendants failed to comply with any provision of the FLSA or the California Labor Code, Defendants substantially complied with them, thus rendering an award of civil penalties inappropriate under the circumstances.  For the same reason, should the Court find any such violation occurred, and such violation gives rise to potential penalties, the Court must exercise its discretion and significantly discount or eliminate any potential penalties owed by

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

1  Defendants due to Defendants' good faith efforts to comply and/or substantial

2  compliance.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Excessive Fines & Penalties)

5    42.    The claims in the FAC which seek the imposition of multiple penalties

6  for the same basic wrongs are unconstitutional in that such relief violates the Due

7  Process clauses of the Constitutions of both the United States and the State of

8  California.  Further, the civil or statutory penalties sought by Plaintiff violate the

9  Fifth, Fourteenth and Eighth Amendments of the United States Constitution and also

10  violate Article 1, §§ 7 and 8 of the California Constitution, including the prohibition

11  against excessive fines.

### FORTIETH AFFIRMATIVE DEFENSE

### (Acts Outside Course and Scope)

14    43.    Plaintiff was not Defendants' employee and, even assuming *arguendo*

15  she was, the claims in the FAC cannot be maintained against Defendants because

16  Plaintiff took the actions alleged, such actions were committed outside the course and

17  scope of Plaintiff's employment, were not authorized, adopted or ratified by

18  Defendants and Defendants did not know of nor should they have known of such

19  conduct.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (Federal Preemption)

22    44.    Plaintiff was not Defendants' employee and, even assuming *arguendo*

23  she was, Plaintiff's state common law claims that are directly covered by the FLSA

24  are preempted by the FLSA.

### FORTY-SECOND AFFIRMATIVE DEFENSE

### (California Labor Code Preemption)

27    45.    Plaintiff was not Defendants' employee and, even assuming *arguendo*

28  she was, Plaintiff's state common law claims are preempted by the California Labor

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

1 Code under "new right-exclusive remedy" doctrine.

<b>FORTY-THIRD AFFIRMATIVE DEFENSE</b>

<b>(Defendants Acted with Good Cause)</b>

46.    The FAC, and each cause of action set forth therein, or some of them, is barred because any and all conduct by Defendants was fully justified and supported by good cause.

<b>FORTY-FOURTH AFFIRMATIVE DEFENSE</b>

<b>(No Liquidated Damages Under FLSA)</b>

47.    Plaintiff was not Defendants' employee and, even assuming *arguendo* she was, any claim for liquidated damages under the Fair Labor Standards Act is barred because Defendants at all times acted in good faith and had reasonable grounds for believing that they were in compliance with the Fair Labor Standards Act.

<b>FORTY-FIFTH AFFIRMATIVE DEFENSE</b>

<b>(Plaintiff's Breach of Duties Bars Recovery)</b>

48.    Plaintiff was not Defendants' employee and, even assuming *arguendo* she was, Plaintiff's claims are barred by her own breach of duties owed to Defendant, including but not limited to those under California Labor Code §§ 2856 and 2859.

<b>FORTY-SIXTH AFFIRMATIVE DEFENSE</b>

<b>(Labor Code § 203 Penalties Are Not Applicable)</b>

49.    Plaintiff was not Defendants' employee and, even assuming *arguendo* she was, Plaintiff has been paid all wages owed to her within the appropriate time period.  Further, Plaintiff has failed to state facts sufficient to constitute a claim for waiting time penalties under Labor Code § 203 to the extent that Plaintiff did not resign or was not discharged prior to the filing of this action or was employed by Defendants at the time this action was filed.

///

///

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

## FORTY-SEVENTH AFFIRMATIVE DEFENSE
### (*De Minimis* Violations of Minimum Wage Requirements)

50.     Plaintiff was not Defendants' employee and, even assuming *arguendo* she was, to the extent the FAC alleges a violation of California Labor Code § 1197 and/or any other laws relating to minimum wage requirements, some or all of the hours worked by Plaintiff and claimed as causing a violation of California Labor Code § 1197 and/or any other laws relating to minimum wage requirements were *de minimis* and do not qualify as compensable hours worked within the meaning of the California Labor Code and the Wage Order(s) issued by the California Industrial Welfare Commission.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE
### (Unconstitutional Vagueness)

51.     Plaintiff was not Defendants' employee and, even assuming *arguendo* she was, the FAC and each cause of action therein are barred because the applicable statutes and the applicable Wage Order(s) of the California Industrial Welfare Commission are unconstitutionally vague and ambiguous as applied to the facts and circumstances of this case.

## RESERVATION OF RIGHT

52.     Defendants reserve the right to amend their Answer and to add additional or other affirmative or special defenses or to delete or withdraw affirmative or special defenses as may become necessary.

///
///
///
///
///
///
///

1  WHEREFORE, Defendants deny they are liable to Plaintiff in any amount, and

2  that any injunction or other order should issue.  Defendants request that this Court

3  dismiss the First Amended Complaint, determine they are the prevailing party entitled

4  to their fees and costs herein, and provide them whatever other relief the Court may

5  determine to be proper and just.

6  Respectfully submitted,

7  Dated: April 13, 2018                      WALTON & WALTON, LLP

8

9  By: /s/  L. Richard Walton

10  L. Richard Walton
    *Attorneys for All Defendants*

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO FIRST AMENDED COMPLAINT

1

## **JURY DEMAND**

2          Defendants hereby request that any trial in this matter be had by a jury of

3    their peers, on all issues so triable.

4                                         Respectfully submitted,

5    Dated: April 13, 2018              WALTON & WALTON, LLP

6

7          By: /s/  L. Richard Walton

          L. Richard Walton (226703)

8          *Attorneys for All Defendants*

          4640 Admiralty Way, Fifth Floor

9          Marina del Rey, California 90292

          (310) 496-5835

10          *rwalton@taxtriallawyers.com*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WALTON & WALTON LLP
4640 ADMIRALTY WAY
FIFTH FLOOR
MARINA DEL REY, CALIFORNIA 90292

31