# Exhibit A

**SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE OF CLAIMS**

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS (hereinafter "Settlement Agreement") is made and entered into voluntarily, knowingly, and willingly, by and between Edelynne Bergado, on the one hand, and Defendants Marlon Velonza, Nelie Ann Velonza, individually, and doing business as "Ettas International Cosmetics," and as "Ettas International Cosmetics USA," Elmo Dominguiano, and Josephine Cadaoas, on the other hand, as follows:

**RECITALS**

WHEREAS, on December 19, 2017, Plaintiff Edelynne Bergado ("Plaintiff") filed an action entitled Edelynne Bergado v. Marlon Velonza, et al., No. 2:17-cv-09070-JVS-JC, in the United States District Court for the Central District of California (the "Action"), seeking, *inter alia*, damages and wages, for the period from April 2014 through January 2017, against Defendants Marlon Velonza, Nelie Ann Velonza, erroneously sued in the Action as "Nelle-Ann Velonza" and doing business as "Etta's International Cosmetics," Elmo Dominguiano, erroneously sued in the Action as Nelson Dominguiano Orqueza ("Dominguiano"), and Josephine Cadaoas ("Cadaoas") (collectively the "Defendants"). Defendants Marlon Velonza, Nelie Ann Velonza, erroneously sued in the Action as "Nelle-Ann Velonza" and as "Etta's International Cosmetics," collectively shall be referred to hereinafter as the "Velonza Defendants". Each of Plaintiff and Defendants individually is a "Party" and together are collectively referred to as the "Parties".

WHEREAS, Plaintiff's Operative First Amended Complaint in the Action (Dkt. 22) alleges as follows: (1) the First Cause of Action for Involuntary Servitude in violation of 18 U.S.C. § 1584(a) of the Trafficking Victims Protection Reauthorization Act (the "TVPRA") against the Velonza Defendants; (2) the Second Cause of Action for Forced Labor in violation of 18 U.S.C. § 1589 of the TVPRA against all Defendants; (3) the Third Cause of Action for Trafficking Into Servitude in violation of 18 U.S.C. § 1590 of the TVPRA against all Defendants; (4) the Fourth Cause of Action for Unlawful Conduct with Respect to Documents in violation of 18 U.S.C. § 1592 of the TVPRA against the Velonza Defendants; (5) the Fifth Cause of Action for Peonage in violation of 18 U.S.C. § 1581 of the TVPRA against the Velonza Defendants and Cadaoas; (6) the Sixth Cause of Action for Knowingly Benefiting from a TVPRA Violation pursuant to 18 U.S.C. § 1595 of the TVPRA against all Defendants; (7) the Seventh Cause of Action for Racketeer Influenced and Corrupt Organizations Act ("RICO") against the Velonza Defendants ; (8) the Eighth Cause of Action for violations of the California Trafficking Victims Protection Act, Cal. Civ. Code § 52.5 against the Velonza Defendants; (9) the Ninth Cause of Action for Unfair Immigration-Related Practices in violation of Cal. Labor Code § 1019 against the Velonza Defendants; (10) the Tenth Cause of Action for Breach of Contract against the Velonza Defendants; (11) the Eleventh Cause of Action for Fraud and Negligent Misrepresentation against the Velonza Defendants; (12) the Twelfth Cause of Action for failure to pay minimum wages in violation of 29 U.S.C. § 206(f) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., against the Velonza Defendants; (13) the Thirteenth Cause of Action for failure to pay minimum wages in violation of the California Labor Code §§ 1197 and 1182.12 against the Velonza Defendants; (14) the Fourteenth Cause of Action for failure to pay overtime wages in violation of the California Labor Code §§ 510(a) and 1198, and the California Industrial Welfare Commission ("IWC") Order Nos. 5 and 15, against the Velonza Defendants; (15) the Fifteenth Cause of Action

for failure to provide requisite meal and rest break periods in violation of California Labor Code 226.7 and the applicable IWC Orders against the Velonza Defendants; (16) the Sixteenth Cause of Action for failure to provide accurate itemized statements in the form and manner specified by California Labor Code § 226 against the Velonza Defendants; (17) the Seventeenth Cause of Action for Waiting Time Penalties pursuant to California Labor Code § 203 against the Velonza Defendants; (18) the Eighteenth Cause of Action for Solicitation of Employee Through Misrepresentation in violation of California Labor Code § 970 against the Velonza Defendants; (19) the Nineteenth Cause of Action for Intentional Infliction of Emotional Distress against the Velonza Defendants; (20) the Twentieth Cause of Action for Negligent Infliction of Emotional Distress against the Velonza Defendants; (21) the Twenty-First Cause of Action for Negligence against the Velonza Defendants; (22) the Twenty-Second Cause of Action for Negligence Per Se against the Velonza Defendants; (23) the Twenty-Third Cause of Action for Personal Injury pursuant to California Labor Code § 3706 against the Velonza Defendants; (24) the Twenty-Fourth Cause of Action for Unfair Competition, pursuant to California Business & Professions Code § 17200 et seq., against the Velonza Defendants; (25) the Twenty-Fifth Cause of Action for Conversion against the Velonza Defendants; (26) the Twenty-Sixth Cause of Action for False Imprisonment against the Velonza Defendants and Dominguiano; and (27) the Twenty-Seventh Cause of Action for Quantum Meruit against the Velonza Defendants.

WHEREAS, the Defendants, and each of them, deny the allegations of Plaintiff's Operative First Amended Complaint in the Action, and further deny they are liable to Plaintiff in any regard, whether in the nature of damages, or other monetary or non-monetary relief;

WHEREAS, the Parties have decided that it is in their best interests and to their mutual advantage to resolve their disputes and settle this matter, for the sole purpose of avoiding further costs of litigation and for no other purpose whatsoever;

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and in consideration for the mutual recitals and covenants herein contained, the Parties to this Settlement Agreement hereby agree as follows:

**AGREEMENT**

**1. Contingent Nature of Settlement Agreement.** Upon full execution of this Settlement Agreement, the Parties shall file with the Court

(a) The Joint Stipulation for Court Approval of Settlement Agreement, for Dismissal with Prejudice, and for Retention of Jurisdiction to Enter One of Two Stipulated Judgments (hereafter "Stipulation for Approval of Settlement Agreement and Dismissal"); and

(b) The Proposed Order Approving the Settlement Agreement, Dismissing the Action with Prejudice, and Retaining Jurisdiction to Enter One of Two Stipulated Judgments (hereafter "Proposed Order").

The Parties agree that the Settlement Agreement is contingent upon the Court entering the Proposed Order, or an Order having the same substantive effect. The Parties acknowledge and agree that if for any reason the Court does not enter the Proposed Order or an Order having the same substantive effect, this Settlement Agreement shall be null and void, shall have no evidentiary value whatsoever, shall be inadmissible and shall have no effect in this Action or upon any claim or defense asserted therein.






2. **Mutual Releases.** Upon the entry of the Proposed Order, the following releases ("Released Claims") will take effect:

(a) Plaintiff agrees to release each of the Defendants, Felisa Velonza, Melinda Velonza, Martini Velonza, Etta's International Cosmetics, and their respective past, present and future officers, directors, shareholders, employees, agents, beneficiaries, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, successors, predecessors and assigns in interest, subsidiaries, affiliates, parents, attorneys, agents, beneficiaries, heirs, relatives, whether by blood or marriage, successors, assigns, and any and all entities in which any of the Defendants, Felisa Velonza, Melinda Velonza, Martini Velonza or Etta's International Cosmetics have an interest, individually or collectively, that is sufficient to allow directly or indirectly to direct or cause the direction of the management and policies of the entity, whether through the ownership of voting shares, by contract, or otherwise (collectively the "Defendants Releasees"), and their attorneys, agents, beneficiaries, successors or assigns from any and all charges, complaints, claims, causes of action, debts, sums of money, controversies, agreements, promises, damages and liabilities of any kind or nature whatsoever, whether in law or equity or any other form of possible relief, known or unknown, suspected or unsuspected, that Plaintiff claims she may have against each of the Defendants Releasees based on any events occurring up to the date of the full execution of this Settlement Agreement, except for any claims that may not be released as a matter of law, including any claims for unemployment benefits and/or claims for workers' compensation.

(b) Each of the Defendants agrees to release Plaintiff and Plaintiff's past, present and future officers, directors, shareholders, employees, agents, beneficiaries, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, successors, predecessors and assigns in interest, subsidiaries, affiliates, parents, attorneys, agents, beneficiaries, heirs, relatives, whether by blood or marriage, successors, assigns, and any and all entities in which Plaintiff has an interest that is sufficient to allow directly or indirectly to direct or cause the direction of the management and policies of the entity, whether through the ownership of voting shares, by contract, or otherwise (collectively the "Plaintiff Releasees"), from any and all charges, complaints, claims, causes of action, debts, sums of money, controversies, agreements, promises, damages and liabilities of any kind or nature whatsoever, whether in law or equity or any other form of possible relief, known or unknown, suspected or unsuspected, that each of the Defendants may have against Plaintiff Releasees based on any events occurring up to the date of the full execution of this Settlement Agreement, except for any claims that may not be released as a matter of law, including any claims for unemployment benefits and/or claims for workers' compensation.

(c) **Waiver of Unknown Claims.** The Parties acknowledge that they are familiar with California Civil Code section 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT**



**WITH THE DEBTOR OR RELEASED PARTY.**

In furtherance of their purposes in executing this Settlement Agreement, the Parties knowingly and voluntarily waive any and all rights and benefits conferred upon them by California Civil Code Section 1542, as well as any other similar state or federal statute, common-law principle, equitable doctrine or other similar theory, to the fullest extent it may lawfully waive such right or benefits pertaining to the claims released above. The Parties acknowledge and agree that this waiver is an essential and material term of this Settlement Agreement, that without such waiver this Settlement Agreement would not have been entered into, and that this waiver must and shall be enforced to the maximum possible extent. **The Parties have been advised by legal counsel and understand and acknowledge the significance and consequences of the Settlement Agreement and of this specific waiver of section 1542**.

The Parties understand that they later may learn that some of the facts upon which this Settlement Agreement is entered are different from facts now known or believed by them to be true. The Parties hereby accept and assume the risk of said uncertainty. This Settlement Agreement shall remain in all respects effective and not subject to termination or rescission by virtue of any such difference in facts.

(d) The Parties agree, by way of illustration and not limitation, the Released Claims include, but are not limited to, waivers and releases of any alleged violation of:

i. Title VII of the Civil Rights Act of 1964;

ii. The Civil Rights Act of 1991;

iii. Sections 1981 through 1988 of Title 42 of the United States Code, as amended;

iv. The Employee Retirement Income Security Act of 1974 ("ERISA");

v. The Immigration Reform and Control Act;

vi. The Americans with Disabilities Act of 1990;

vii. The Workers Adjustment and Retraining Notification Act;

viii. The Occupational Safety and Health Act;

ix. The Sarbanes-Oxley Act of 2002;

x. The Fair Credit Reporting Act;

xi. The Family and Medical Leave Act;

xii. The Equal Pay Act;

xiii. The Genetic Information Nondiscrimination Act of 2008;

xiv. California Family Rights Act – Cal. Gov't Code § 12945.2;

xv. California Fair Employment and Housing Act – Cal. Gov't Code § 12900 et seq.;

xvi. California Unruh Civil Rights Act – Cal. Civ. Code § 51 et seq.; 

xvii. Statutory Provisions Regarding the Confidentiality of AIDS Information – Cal. Health & Safety Code § 120775 et seq.;

xviii. California Confidentiality of Medical Information Act – Cal. Civ. Code § 56 et seq.;

xix. California Parental Leave Law – Cal. Lab. Code § 230.7 et seq.;

xx. California Apprenticeship Program Bias Law – Cal. Lab. Code § 3070 et seq.;

xxi. California Equal Pay Law – Cal. Lab. Code § 1197.5;

xxii. California Whistleblower Protection Law – Cal. Lab. Code § 1102.5;

xxiii. California Military Personnel Bias Law – Cal. Mil. & Vet. Code § 394;

xxiv. Statutory Provision Regarding California Family and Medical Leave – Cal. Lab. Code § 233;

xxv. Statutory Provisions Regarding California Electronic Monitoring of Employees – Cal. Lab. Code § 435;

xxvi. Any claims under the Racketeer Influenced and Corrupt Organizations Act;

xxvii. The California Occupational Safety and Health Act, as amended, California Labor Code § 6300 et seq., and any applicable regulations thereunder;

xxviii. California Obligations of Investigative Consumer Reporting Agencies Law – Cal. Civ. Code § 1786.10 et seq.;

xxix. California Political Activities of Employees Law – Cal. Lab. Code § 1101 et seq.;

xxx. California Domestic Violence Victim Employment Leave Law – Cal. Lab. Code § 230.1;

xxxi. California Court Leave Law – Cal. Lab. Code § 230;

xxxii. Those other provisions of the California Labor Code that lawfully may be released;

xxxiii. Los Angeles AIDS-Based Discrimination Ordinance, Los Angeles Municipal Ordinance §45.80 et seq.;

xxxiv. Any provision of California Corporations Code;

xxxv. The California Uniform Trade Secrets Act, U.S. Copyright Act, 17 U.S.C. §§ 101 - 810;

xxxvi. United States Code Title 35;

xxxvii. The Lanham (Trademark) Act, 15 U.S.C. § 1051, et seq.;

xxxviii. Any other federal, state or local civil or human rights law or any other federal, state or local law, regulation or ordinance;






xxxix.  Any public policy, contract, tort or common law; or

xl.  Any basis for recovering costs, fees or other expenses including attorneys' fees incurred in these matters, other than as set forth herein.

**3.  Monetary Payment.**  Within six (6) months from the date of the entry of the Proposed Order, or any Order of substantially similar effect, the Defendants shall pay Plaintiff the total sum of One Hundred Thousand Dollars and zero cents ($100,000.00) ("Monetary Payment"), by check made payable to "Asian Americans Advancing Justice Escrow IOLTA", and delivered to Asian Americans Advancing Justice, at 1145 Wilshire Blvd. Los Angeles, CA 90017.

Defendants Marlon Velonza and Nelie Ann Velonza ("Velonza Defendants") agree and represent that they intend to satisfy the Monetary Payment by obtaining a home equity line of credit and/or by refinancing the mortgage on their property located at 7549 N. Hollywood Way, Burbank California ("Burbank Property"). Velonza Defendants agree to take all available good faith efforts to secure financing to satisfy the Monetary Payment ("Financing"). All Parties agree and understand that Defendants' payment obligations under this agreement exist regardless of whether they obtain such Financing and are in no way contingent upon their ability to secure such Financing.

Velonza Defendants agree to provide written monthly updates, via email, to Plaintiff, through Plaintiff's counsel, on the status of the Financing. Monthly updates shall be due by the 15th of each month, or the following business day should the 15th be a weekend or court holiday.

Within five (5) business days of the execution of this agreement, Velonza Defendants agree to execute a deed of trust in the Plaintiff's name for the Burbank Property (the "Deed of Trust"). The sole purpose of the Deed of Trust is to secure the Monetary Payment. Plaintiff agrees not to record the Deed of Trust for six (6) months from the date of the entry of the Proposed Order, or any Order of substantially similar effect, and Plaintiff shall only record the Deed of Trust if Defendants have not yet satisfied the Monetary Payment, except as described below.



The Velonza Defendants agree that until the Monetary Payment has been made, they will not encumber or mortgage the Burbank property, or allow any lien of any type to be recorded against the Burbank property, unless the encumbrance, mortgage, or lien is in connection with their efforts to secure Financing as set forth above. If any type of encumbrance, mortgage, or lien is recorded against the Burbank property before the monetary Payment has been made, the Velonza Defendants must make the monetary payment within ten days of the date the encumbrance, mortgage, or lien was recorded. If the Monetary Payment is not made within ten (10) days of the recording of the encumbrance, lien or mortgage, then the Monetary Payment will be immediately become due and owing, judgment may be entered as provided in paragraph 1 above, and Plaintiff may immediately record the Deed of Trust and pursue all available means of collecting the Monetary Payment, including but not limited to foreclosing on the Deed of Trust.

The Velonza Defendants agree not to sell or otherwise transfer ownership of the Burbank Property before the Monetary Payment has been made, unless the sale or transfer is for the purpose of obtaining funds to make the Monetary Payment. If ownership of the Burbank Property is transferred, the Velonza Defendants must make the Monetary payment within ten days of the close of escrow or the date of transfer (if no escrow occurs). If the Monetary Payment is not made within ten (10) days of the close of escrow or date of transfer, then the Monetary Payment will be



immediately become due and owing, judgment may be entered as provided in paragraph 1 above, and Plaintiff may pursue all available means of collecting the Monetary Payment.

**4. Allocation of Monetary Payment.** After completion of discovery, including depositions of all Parties and witnesses, the Parties acknowledge and agree as follows:

(a) That a *bona fide* and good faith dispute exists as to all of the allegations of the First Amended Complaint;

(b) The Defendants have vigorously denied that Plaintiff, at any time, was an employee of the Velonza Defendants or any of the Defendants;

(c) The Defendants emphatically deny that Plaintiff worked more than 40 hours per week, and believe that she was fully compensated at the applicable minimum wage and any regulations promulgated thereunder for any services provided;

(d) The Parties further agree that there is no basis to doubt Defendants' liability for the personal injury Plaintiff alleged in the second, third, and fifth sentences of the Thirty-Second Paragraph of Plaintiff's First Amended Complaint; therefore

(e) The entire Monetary Payment is allocated for Plaintiff's personal injuries as described in the second, third, and fifth sentences of Paragraph 32 of the Twenty-First Cause of Action for Negligence of Plaintiff's First Amended Complaint.

**5. Confidentiality**. Plaintiff and each of her attorneys herein, including without limitation Asian Americans Advancing Justice – Los Angeles and Jenner & Block LLP ("Plaintiff's Counsel"), shall be permitted to discuss the Action for the following purposes only:

a. Internal organizational purposes (which communications shall not be disseminated outside of persons employed by Plaintiff's Counsel);

b. For public education, which shall be defined as presentations to: fellow advocates, community groups, potential donors and existing funders;

c. Responses to press inquiries, but only when members of the press affirmatively reach out to Plaintiff or to Plaintiff's Counsel regarding the Action;

d. Generic media outreach that discusses the Action in conjunction with other cases addressing the same or similar claims, so long as such generic media outreach does not name Defendants specifically.

Plaintiff and Plaintiff's Counsel explicitly agree not to discuss the Action at any presentations or events involving Defendants' place of worship, Harvest Tabernacle Church in Los Angeles, California.

For avoidance of doubt, this Settlement Agreement can be publicly filed in any court proceeding to enforce its terms, as set forth herein.



**6. Miscellaneous**

a. **Compromise**. This Settlement Agreement is a compromise of disputed claims, and nothing herein is to be construed as an admission of liability on the part of any party hereto, or as an admission of an absence of liability on the part of any party hereto.

b. **Warranty**. Each Party hereto warrants and represents that they are the sole owner of all rights and claims herein released by each, and they have the power and authority to execute the within mutual releases, and the power and authority to execute this Settlement Agreement on behalf of the Parties in whose name they execute same.

c. **Choice of Law / Choice of Forum**. The parties agree that this Agreement shall be binding upon them, that the United States District Court, Central District of California, Southern Division, shall have jurisdiction to enforce the settlement and performance in full of the terms of this Settlement Agreement and over any all claims alleging a breach of any provision of this Settlement Agreement, that this Settlement Agreement shall be admissible into evidence to enforce its terms, and that venue is proper in that Court. This Settlement Agreement is to be governed by, and construed in accordance with, the laws of the State of California, without regard to any conflict of laws principles which might otherwise be applied.

d. **Successors and Assigns**. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, representatives, successors and assigns.

e. **Waiver and Amendment**. No breach of any provision hereof can be waived unless in writing. Waiver of any one breach of any provision hereof shall not be deemed to be a waiver of any other breach of the same or of any other provision hereof. This Settlement Agreement may be amended only by a written agreement executed by the Parties in interest at the time of the modification.

f. **Integration**. This Settlement Agreement collectively sets forth the entire agreement between the Parties with regard to the subject matter hereof. All agreements, covenants, representations and warranties, express and implied, oral and written, of the Parties with regard to the subject matter hereof are contained herein, in the exhibits hereto, if any. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by either party to the other with respect to the subject matter of this Settlement Agreement. All prior and contemporaneous conversations, negotiations, possible and alleged agreements and representations, covenants, and warranties with respect to the subject matter hereof are waived, merged herein and therein and superseded hereby and thereby. This is an integrated agreement.



g. **Independent Investigation and Advice of Counsel**. The Parties hereto, and each of them, represent and declare each to the other that in executing this Settlement Agreement, each has made their own independent investigation of the facts pertaining to this settlement, that they rely solely upon their own judgment, belief and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims, and that they have not been influenced to any extent whatsoever in executing the same by any representations or statements covering any matters made by any of the Parties hereto or by any person representing them or any of them. Each Party hereto warrants and represents to the other that in executing this Settlement Agreement, each of them has relied on legal advice from the attorney of their choice, that the terms of this Settlement Agreement and its consequences have been completely read and explained to each of them by that attorney, and that each party fully understand the terms of this Settlement Agreement.

h. **Voluntary Agreement**. The Parties hereto, and each of them, further represent and declare that they have carefully read this Settlement Agreement and know the contents thereof and that they sign the same freely and voluntarily.

i. **Agreement Not to Be Construed in Favor of Any Party**. It shall be deemed that this Settlement Agreement has been jointly drafted and composed by the respective Parties. The terms of this Settlement Agreement shall not be interpreted or construed in favor of or against any Party. The terms of the Settlement Agreement shall not be interpreted or construed in favor of or against any Party on the ground that one Party was the purported draftsman hereof.

j. **Ancillary Agreements**. The parties shall execute and submit to the Court prior to dismissal of the Action such further documents as may be reasonably necessary to permit the court to retain jurisdiction to enforce the terms of this Settlement Agreement. The parties to this Settlement Agreement further agree to execute such other documents and to perform such acts as may be necessary to carry out the terms and intent of this Settlement Agreement.

k. **Costs**. Except as otherwise explicitly set forth herein, the Parties acknowledge and agree that each of them will bear their own costs, expenses and attorneys' fees arising out of and/or concerned with the Action, the negotiation, drafting and execution of this Settlement Agreement, and all matters arising out of or connected with the Action, as well as the negotiation, drafting, and execution of this Settlement Agreement.

l. **Facsimile/PDF/Counterparts**. This Settlement Agreement may be executed by facsimile or PDF signature and/or in counterparts, each of which is deemed to be an original, and all of which shall together constitute one and the same instrument. 

m. **Mutual Releases Survive**. The mutual releases contained herein shall bind and inure to the benefit of the heirs, personal representatives, successors and assigns of each Party hereto.

n. **Severability**. Except as expressly set forth herein, if any portion, provision or part of this Settlement Agreement is held, determined or adjudicated to be invalid, unenforceable or void for any reason, each such portion, provision or part shall be severed from the remaining portions, provisions or parts of this Settlement Agreement and shall not affect the validity or enforceability of the remaining portions, provisions or parts.

o. **No Further Claims, Lawsuits, or Charges**. Each Party and their respective counsel represent to one another that no matter, claim or right released or to be released herein has previously been assigned, waived or compromised. Each Party and their respective counsel represent and warrant that they have no other pending claims, lawsuits, or charges against any other Party or counsel other than those identified in this Agreement. If the Parties or their counsel in fact have any such pending claims, lawsuits, or charges against the other, in consideration for the terms of the settlement set forth herein, the Parties and their counsel hereby agree that they will immediately dismiss with prejudice any such claims, lawsuits, or charges, or immediately cease their prosecution of such claims, lawsuits or charges, to the fullest extent allowable under the law. Each Party and their counsel further agree that they will not in future seek to file, prosecute, or pursue any further claims, lawsuits, or charges against the other relating to or arising from the claims that were set forth or could have been set forth in the Action that are being settled herein, to the fullest extent allowable under the law. The Parties acknowledge that this Settlement Agreement does not limit any Party's right, where applicable, to respond to any investigative proceeding of any federal, state or local government agency. To the extent permitted by law, the Parties agree that if such an administrative charge is made, no Party shall not be entitled to recover any individual monetary relief or other individual remedies. 

p. **Medicare and Social Security Representations**. Plaintiff affirms that, as of the date that she signs this Agreement, she is not Medicare eligible, she has not submitted any request to Medicare seeking benefits, she has no expectation of enrollment in Medicare within the next 30 months, she is not collecting and has not collected Social Security Disability Insurance, nor has she applied for Social Security Disability Insurance.

q. **Financing Representation**. Defendants represent and warrant that they are actively seeking sources of financing to satisfy the Monetary Payment. 

r. **Encumbrance and Alienation Representation**. Defendants represent and warrant that they have not incurred any additional liens or other encumbrances on any real property owned by them since the initiation of this litigation, and 

further represent and warrant that they have not alienated any real property owned by them since the initiation of this litigation.

s. **Retention of Property.** Each of the Parties affirms, to the best of his/her/its knowledge as of the Effective Date, that she/he/it is in possession of all of his/her/its property and that the other Party is not in possession of any of his/her/its property.

t. **Tax Treatment of Settlement Payment**. It is understood and agreed that Defendants make no warranties or guarantees with respect to the tax consequences, if any, resulting from the payments made under this Agreement. Plaintiff understands and represents that Defendants have not provided any tax advice to her regarding the tax consequences of any payment under this Settlement Agreement.

**u.** **Time of the Essence.** For the avoidance of doubt, "*time is of the essence*" as to every paragraph of this agreement.

**v.** **Execution**. The Parties to this Settlement Agreement shall be deemed to have executed the Settlement Agreement as of the date of the signature of the last party.

**EACH PARTY HERETO REPRESENTS AND WARRANTS ONE TO THE OTHER BY EACH OF THEIR SIGNATURES BELOW THAT EACH HAS THOROUGHLY READ AND CONSIDERED ALL ASPECTS OF THIS AGREEMENT, THAT SHE/HE/IT UNDERSTAND ALL PROVISIONS OF THIS AGREEMENT, THAT EACH HAS HAD THE OPPORTUNITY TO CONSULT WITH INDEPENDENT COUNSEL THROUGHOUT THIS PROCESS, AND THAT THEY ARE VOLUNTARILY ENTERING INTO THIS AGREEMENT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION OF ANY KIND.**

**Executed by the parties on the dates indicated below.**

DATED: ________________, 2019 EDELYNNE BERGADO

______________________________

DATED: 2/15/ , 2019 MARLON VELONZA

______________________________

further represent and warrant that they have not alienated any real property owned by them since the initiation of this litigation.

s. **Retention of Property.** Each of the Parties affirms, to the best of his/her/its knowledge as of the Effective Date, that she/he/it is in possession of all of his/her/its property and that the other Party is not in possession of any of his/her/its property.

t. **Tax Treatment of Settlement Payment**. It is understood and agreed that Defendants make no warranties or guarantees with respect to the tax consequences, if any, resulting from the payments made under this Agreement. Plaintiff understands and represents that Defendants have not provided any tax advice to her regarding the tax consequences of any payment under this Settlement Agreement.

**u. Time of the Essence.** For the avoidance of doubt, "*time is of the essence*" as to every paragraph of this agreement.

**v. Execution**. The Parties to this Settlement Agreement shall be deemed to have executed the Settlement Agreement as of the date of the signature of the last party.

**EACH PARTY HERETO REPRESENTS AND WARRANTS ONE TO THE OTHER BY EACH OF THEIR SIGNATURES BELOW THAT EACH HAS THOROUGHLY READ AND CONSIDERED ALL ASPECTS OF THIS AGREEMENT, THAT SHE/HE/IT UNDERSTAND ALL PROVISIONS OF THIS AGREEMENT, THAT EACH HAS HAD THE OPPORTUNITY TO CONSULT WITH INDEPENDENT COUNSEL THROUGHOUT THIS PROCESS, AND THAT THEY ARE VOLUNTARILY ENTERING INTO THIS AGREEMENT OF THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION OF ANY KIND.**

**Executed by the parties on the dates indicated below.**

DATED: February 13, 2019 EDELYNNE BERGADO

Edelynne A. Bergado

DATED: ________________, 2019 MARLON VELONZA

______________________________

DATED: ________________, 2019 NELIE ANN VELONZA

______________________________

DATED: ________________, 2019 ETTA'S INTERNATIONAL COSMETICS

______________________________

By: ___________________________

DATED: ________________, 2019 JOSEPHINE CADAOAS

______________________________

DATED: ________________, 2019 ELMO DOMINGUIANO

______________________________

**Approved as to Form:**

Dated: February 13, 2019

______________________________
JENNER & BLOCK, LLP
*Attorneys for Plaintiff*

Dated: 2/13, 2019

______________________________
ASIAN AMERICANS ADVANCING JUSTICE -LA
*Attorneys for Plaintiff*

Dated: ________________, 2019

______________________________
BARNHILL & VAYNEROV, LLP
*Attorneys for Defendants*

DATED: _______________, 2019 NELIE ANN VELONZA

_______________________________

DATED: _______________, 2019 ETTA'S INTERNATIONAL COSMETICS

_______________________________

By: ___________________________

DATED: _______________, 2019 JOSEPHINE CADAOAS

_______________________________

DATED: _______________, 2019 ELMO DOMINGUIANO

_______________________________

**Approved as to Form:**

Dated: February 13, 2019

_______________________________
JENNER & BLOCK, LLP
*Attorneys for Plaintiff*

Dated: _______________, 2019

_______________________________
ASIAN AMERICANS ADVANCING JUSTICE
*Attorneys for Plaintiff*

Dated: _______________, 2019

_______________________________
BARNHILL & VAYNEROV, LLP
*Attorneys for Defendants*

DATED: 2/14, 2019

NELIE ANN VELONZA

DATED: 2/14, 2019

ETTA'S INTERNATIONAL COSMETICS

By: NELIE ANN D. VELONZA

DATED: 2/14, 2019

JOSEPHINE CADAOAS

DATED: 2/14, 2019

ELMO DOMINGUIANO

**Approved as to Form:**

Dated: ____________, 2019

JENNER & BLOCK, LLP
*Attorneys for Plaintiff*

Dated: ____________, 2019

ASIAN AMERICANS ADVANCING JUSTICE
*Attorneys for Plaintiff*

Dated: ____________, 2019

BARNHILL & VAYNEROV, LLP
*Attorneys for Defendants*

DATED: 2/14, 2019

NELIE ANN VELONZA

DATED: 2/14, 2019

ETTA'S INTERNATIONAL COSMETICS

By: NELIE ANN D. VELONZA

DATED: 2/14, 2019

JOSEPHINE CADAOAS

DATED: 2/14, 2019

ELMO DOMINGUIANO

**Approved as to Form:**

Dated: ____________, 2019

JENNER & BLOCK, LLP
*Attorneys for Plaintiff*

Dated: ____________, 2019

ASIAN AMERICANS ADVANCING JUSTICE
*Attorneys for Plaintiff*

Dated: Feb. 22, 2019

BARNHILL & VAYNEROV, LLP
*Attorneys for Defendants*